## CLAPP v. MILLER et al.

No. 10582—Opinion Filed March 13, 1923.

(Syllabus.)

**1. Notaries—Ground for Liability.**

The liability of a notary public is not that of an insurer, and if he is to be held accountable at all, it must be on the ground of negligence or malice or corruption.

**2. Same — Care Required in Acknowledgments.**

Where, as in this jurisdiction, there is no statute prescribing the manner in which a notary public shall ascertain the acknowledger's identity, he is held to the care and diligence of a reasonably prudent man.

**3. Trial—Instructions—Sufficiency.**

If the different instructions given to the jury, taken together and considered as a whole, fairly present the law of the case, this will be sufficient.

**4. Same—Refusal of Requests.**

Where the court instructs the jury clearly, fairly, and fully upon all phases of the case, it is not error to refuse to give any and all requested instructions.

**5. Notaries—Action on Bond — Instructions —Evidence.**

Record examined. and held: (1) That the instructions given to the jury are substan-

tially correct and cover the legal phases of the case with reasonable fullness. (2) That the evidence presents a fair question of fact for the consideration of the jury:

Error from District Court, Pottawatomie County; Charles B. Wilson, Jr., Judge.

Action by L. W. Clapp against E. W. Miller and another on notary's bond. Judgment for defendants, and plaintiff brings error. Affirmed.

Stanard & Ennis, for plaintiff in error.

Lydick & Arrington and Kittie O. Sturdevant, for defendants in error.

KANE, J. This was an action for damages commenced by the plaintiff in error, plaintiff below, against E. W. Miller, notary public, and C. W. Miller, his bondsman. Hereafter, for convenience, the parties will be designated "plaintiff" and "defendants," respectively, as they appeared in the trial court.

The petition of the plaintiff alleged, in substance, that the acknowledgment and certificate to a certain real estate mortgage made by E. W. Miller as notary public was false and untrue; that the plaintiff, relying upon the genuineness and validity of said acknowledgment and certificate, purchased said mortgage, which afterwards proved to be a forgery, and was thereby damaged. The answer, among other things, alleged that E. W. Miller in taking and certifying the acknowledgment to the mortgage set forth in · plaintiff's petition exercised that degree of care that an ordinarily prudent man would have exercised in taking and certifying acknowledgments. The reply was a general denial. Upon trial to the jury there was a verdict in favor of the defendants, upon which judgment for costs was duly entered, to reverse which this proceeding in error was commenced.

While counsel for the plaintiff assign many grounds for reversal in their petition in error, they may be all briefly summarized as follows:

(1) The verdict of the jury and the judgment of the court are not reasonably sustained by the evidence in the case.

(2) Error of the trial court in refusing to give to the jury instruction No. 3 requested by the plaintiff.

(3) Error of the court in refusing to give to the jury instruction No. 8.

Before taking up these assignments of error in their order it will be necessary to advert for a moment to the applicable principles of law defining the rights and liability of a notary public in cases like this.

It seems to be well settled that the liability of a notary public is not that of an insurer, and if he is to be held accountable at all, it must be on the ground of negligence or malice or corruption. 1 R. C. L. 308.

This seems to be the universal rule where, as in this jurisdiction, it is held that the taking of an acknowledgment is purely a ministerial act. State Nat. Bank v. Mee, 39 Okla. 775, 136 Pac. 758.

The authorities also pretty generally hold that where, as in this jurisdiction, there is no statute prescribing the manner in which a notary public shall ascertain the acknowledger's identity, he is held to the care and diligence of a reasonably prudent man. 1 C. J. 902.

We have carefully examined the authorities relied on· by counsel for plaintiff, and particularly State Nat. Bank v. Mee, supra, and find that where the governing statutes are the same as ours, they are in accord with the general rules above stated.

Now, considering the question to be decided under the first assignment of error in the light of these authorities, it is simply this: "Is there any evidence in the record reasonably tending to support the verdict of the jury and the judgment of the court in favor of the defendants?" This question must be answered in the affirmative.

The notary public was charged with negligence in failing to use the care and diligence of a reasonably prudent man in identifying the persons whose acknowledgments were taken. The evidence on that question may be briefly summarized as follows:

Clyde Pitman, a lawyer in good standing, whom the notary had intimately known for seven or eight years, accompanied the acknowledgers into the office of the notary and told him they wanted to execute a mortgage to him for the purpose of securing the payment of an attorney's fee. Clyde Pittman introduced the acknowledgers to the notary as Dan Brown and James Millet and told him that he had known them for six weeks passing by that name in Seminole.

Commencing at this point, the notary testified substantially as follows:

"I asked the negro if he was Dan Brown and he other one if he was James Millet and asked if they wanted to execute the paper, and they said they did. I knew nothing about the negroes except what they and

Clyde Pitman told me, and had no reason to believe they were not Dan Brown and James Millet. I relied on Clyde Pitman on taking the acknowledgment. Have told all that was said; there wasn't much said. I have been a notary public for 18 years. I was satisfied Clyde Pitman was telling the truth. Clyde Pitman took the note and mortgage after they were acknowledged."

This was the general trend of the evidence, and there was no conflict therein except that Clyde Pitman testified that he told the notary public that he met the acknowledgers the night before the acknowledgment was taken.

We think this evidence presents a very fair question for the jury whether the notary exercised the care and diligence of a reasonably prudent man in certifying to the identity of the men whose acknowledgment he had taken.

Of the remaining assignments of error, it is sufficient to say that we have examined the instructions given to the jury by the court, and are convinced that they are substantially correct and cover the legal phases of the case with reasonable fullness. It is well settled that if the different instructions given to the jury, taken together and considered as a whole, fairly present the law of the case, this will be sufficient.

It is also well settled that where the court instructs the jury clearly, fairly, and fully upon all phases of the case, it is not error to refuse to give any and all requested instructions. Chickasaw Compress Co. v. Bow, 47 Okla. 576, 149 Pac. 1166; Chicago, R. I. & P. Ry. Co., v. Johnson, 71 Oklahoma, 175 Pac. 494; Slick Oil Co. v. Coffey et al., 72 Oklahoma, 177 Pac. 915; Citizens' Bank of Headrick v. Citizens' State Bank of Altus et al., 75 Okla. 225, 182 Pac. 657.

For the reasons stated, the judgment of the trial court is affirmed.

JOHNSON, V. C. J., and McNEILL, KENNAMER, NICHOLSON, and BRANSON, JJ., concur.