## COLONNA v. EISEMAN MFG. CO.

No. 12751—Opinion Filed Jan. 22. 1924.
Rehearing Denied March 18, 1924.

1. **Appeal and Error—Time for Objections —Improper Parties.**

An assignment of error that the cause was not prosecuted by the real parties in interest, cannot be considered in the Supreme Court when the cause was tried in the lower court without any objection in this regard, and the complaining party, at that time, had full knowledge of all the persons interested in the controversy.

2. **Trial—Time for Trial—Waiver of Objections.**

While a defendant cannot be forced to trial, within ten days after the issues in the cause are joined, over his objection, yet, if he sits by and permits the court to assign said cause for hearing at an earlier date, and on the date when said cause is assigned for hearing announces ready and proceeds with the trial, without objection, he will be deemed to have waived any objection to the trial of said cause within ten days after the issues are joined.

3. **Trial—Refusal of Incorrect Instructions.**

It is not error to refuse to give a requested instruction which cannot be given without correction or modification.

4. **Same—Refusal of Requests Where Covered in Charge.**

It is not error to refuse to give a requested instruction which is covered by the general instructions of the court.

5. **Appeal and Error—Sufficiency of Instructions.**

Instructions examined, and held, that the same properly submitted to the jury the law applicable to the theory of the plaintiff and the defendant on which the cause was tried; and no prejudicial error resulted by the giving of said instructions.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from County Court, Ottawa County; Q. P. McGee, Judge.

Action by Eiseman Manufacturing Company, a copartnership composed of Maier A. Eiseman and Rudolph Eiseman, against J. Colonna. Judgment for plaintiff, and defendant brings error. Affirmed.

T. L. Brown, for plaintiff in error.

Burns & Turner, for defendant in error.

Opinion by JARMAN, C. The Eiseman Manufacturing Company, a copartnership, commenced this action in the county court of Ottawa county against J. Colonna to recover judgment in the sum of $468, which the plaintiff alleges was due on a shipment of merchandise sold to the defendant. The case was tried to a jury, resulting in a verdict for the plaintiff, on which judgment was rendered, and the defendant brings error.

Said action was filed in the county court cn March 2, 1921 and, on the same date, summons was issued and was made return-

able on March 12, 1921, and March 22, 1921, was designated as answer day. The defendant filed a motion to quash the service of summons, for the reason that the defendant was given only ten days from the return day of said summons in which to plead or answer, whereas he was entitled to 20 days. Thereafter, and on March 28th, the defendant withdrew his motion to quash and was given to April 2nd to plead; on March 29th, the plaintiff amended its petition by attaching thereto an itemized statement of account; on March 30th the defendant filed a motion asking for an extension of time in which to file an answer or demurrer to the petition of the plaintiff, as amended, and said motion was sustained, and the defendant was given to April 18th in which to file his answer or demurrer. During the meantime, the clerk had prepared a docket for the April term of court and had assigned this case for hearing on April 9th; and on April 9th the defendant filed a motion to strike said cause from the docket for the reason that the issues were not made up and that said cause could not stand for trial prior to ten days from the date issues were joined. The court, on April 9th, overruled said motion to strike, to which the defendant excepted, and the court immediately made and entered an order setting said cause for trial on April 15th, to which action and order of the court no objection or exception was made by the defendant. On April 13th, the defendant filed his answer, and, on April 14th, the plaintiff filed its reply. On April 15th said cause came on for hearing and the defendant being present in person and by counsel made no objection to the trial of said cause at that time and announced ready for trial. A jury was duly impaneled and the trial was proceeded with without objection.

The first contention made by the defendant in error is that this action was not brought in the name of the real party in interest. The action is brought in the name of Eiseman Manufacturing Company, a copartnership, composed of Maier A. Eiseman and Rudolph Eiseman, as plaintiff; and the evidence shows that Lester M. Eiseman was also a member of said copartnership, and the defendant contends that as his name was omitted in the style of the case, showing that he was a member of said partnership, that the action was not prosecuted in the name of the real party in interest, and, therefore, said action could not be maintained. It is sufficient to say, in disposing of this contention, that this question was not raised in the trial court and no objection was made,

and the cause was permitted to be considered and disposed of in the trial court, without objection, when it was known that Lester M. Eiseman was a member of the partnership, and under such circumstances, there is no error preserved to be reviewed or considered here.

The defendant contends that the trial court erred in not sustaining his motion to strike, from the trial docket said cause, when it was assigned for hearing on April 9th; and the defendant also contends that the court erred in assigning said cause for trial on April 15th, which was prior to the time the defendant was given, by order of court, in which to plead, to wit, April 18th.

It is true that, under section 582, Comp. Stat. 1921, the defendant could not have been forced to trial at that time, and said cause was not properly placed upon the trial docket. and the trial court erred in overruling the motion of the defendant to strike said cause from the trial docket; but this error was waived and became harmless by the conduct of the defendant in sitting by and permitting, without objection or exception, the trial court to assign said cause for hearing on April 15th. The defendant, on April 13th, filed his answer, and, on April 15th, when said cause came on for hearing, pursuant to order of court theretofore made, the defendant did not renew his motion to strike said cause from the trial docket and did not make any objection to the trial of said cause at that time, but, on the contrary, indicated his willingness and desire to have said cause tried at that time by announcing ready for trial and proceeding with the trial of the cause without objection; and, by such conduct, the defendant waived all objections to the trial of the cause at that time.

The defendant contends that the trial court erred in admitting and excluding certain evidence. In considering this assignment of error, we have carefully read the entire record in this cause. and while some of the questions propounded to witnesses are leading and suggestive, we cannot say that the court abused its discretion in preventing such leading questions to be asked. Under the theory that this case was submitted to the jury, there was no prejudicial error committed in connection with the admitting and excluding of the evidence complained of; and such evidence is sufficient to support the verdict of the jury.

The defendant next contends that the court erred in giving instructions Nos. 6 and 8, and in refusing to give instructions Nos. 1 and 2, requested by the defendant. The

theory of the plaintiff is, that it sold to the defendant, through its traveling salesman, four dozen ladies' middies to be delivered in the fall, and that pursuant to an order given by the defendant, for that purpose, the plaintiff shipped said middies to the defendant. The theory of the defendant is, that he did not purchase the four dozen middies from the plaintiff, but that the salesman of the plaintiff represented to the defendant that the plaintiff was manufacturing a certain middy and that he would send the defendant a sample of the same, and the defendant agreed to place an order for four dozen of the said middies if the sample was as represented; that the plaintiff never, at any time, sent the defendant a sample of said middies but shipped the middies in question to the defendant, without any order having been placed therefor, and in violation of the agreement the plaintiff had with the defendant through its salesman as above detailed.

Instruction No. 6, given by the court, tells the jury that if they should find from the evidence that the plaintiff agreed to submit samples by which a selection could be made by the defendant and an order placed for the middies, but that instead of sending samples, the plaintiff shipped four dozen middies to the defendant and the defendant received the same, opened and inspected the goods, and placed them on display and offered them for sale, that would constitute an implied contract, and the defendant would be liable. The defendant's objection to this instruction is that there was no evidence produced to show that said goods were ever placed on display and offered for sale by the defendant. The defendant and his witnesses did testify that said goods were never placed on display and offered for sale, but the witness Burns, on behalf of the plaintiff, testified that he was in the store of the defendant, and that he was shown a lot of middies, which the defendant stated had been purchased from the plaintiff, and that said middies were in a glass show case about the middle of the room towards the front of the store. If the jury found that the defendant had placed these middies, conspicuously, as indicated in the testimony of the witness Burns, in a show case at the front of the store, then the jury was warranted in inferring that the same were placed there for the purpose of sale: and, therefore, this instruction is supported by the evidence.

Instruction No. 8, given by the court, tells the jury that if the defendant did not order the middies, and that upon receipt of same, he opened them and found them to be of inferior quality and workmanship, and immediately repacked and returned them to the plaintiff, without placing them on sale, then the defendant would not be liable. The defendant contends that this instruction was prejudicial for the reason that it required the defendant to repack and return the middies immediately, instead of within a reasonable time. We do not think this instruction, when taken as a whole, is susceptible of the construction given it by counsel. The information the court sought to convey, by this instruction, and as understood by the jury, was that if the goods were returned by the defendant without placing them on sale, that then the defendant would not be liable.

Instruction No. 1, requested by the defendant and which the court refused to give, is as follows:

"You are instructed, gentlemen of the jury, that if you find from evidence in this case that the plaintiff shipped the goods in question without an order for same, and without having submitted a sample thereof to the defendant, if you find from evidence, that the plaintiff was bound to submit a sample before shipping the goods, then and in that event your verdict should be for the defendant."

Under the evidence in this case, the court properly refused to give this instruction, because, if the goods were shipped without an order for same, yet, if the defendant accepted said goods and displayed them and offered them for sale, the defendant would still be liable. It is not error for the court to refuse to give an instruction which cannot be given without correction or modification, M., K. & T. R. R. Co. v. West, 38 Okla. 581, 134 Pac. 655; Wichita Falls & N. W. R. R. Co. v. Puckett, 53 Okla. 463, 157 Pac. 112.

As to instruction No. 2, requested by the defendant, we find that the same has been fully covered by the instructions given by the court. and, therefore, it was not error to refuse to give said instruction as requested.

Finding no prejudicial error in the record, the judgment of the trial court is affirmed.

By the Court: It is so ordered.