### ROSE v. BELLER.

No. 14072—Opinion Filed Feb. 10, 1925..

**1. Appeal and Error—Review—Sufficiency of Evidence.**

Where there is any competent testimony that reasonably tends to support the verdict of the jury, the judgment based thereon will not be reversed on appeal.

**2. Trial—Refusal of Incorrect Instruction.**

It is not error to refuse to give a requested instruction which cannot be given without correction or modification.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Haskell County; E. F. Lester, Judge.

Action by Sam Rose against J. B. Beller. From judgment in favor of the defendant, plaintiff brings error. Affirmed.

E. O. Clark, for plaintiff in error.

W. H. Brown and Foster V. Phipps, for defendant in error.

Opinion by PINKHAM, C. This was an action in replevin brought by the plaintiff in error, as plaintiff, against the defendant in error, as defendant, in the trial court. The parties will be referred to as they appeared in the lower court.

The action was for the possession of a corn and cotton crop grown upon lands leased by the plaintiff to one W. F. Padgett and one C. F. Padgett for the year 1920.

The plaintiff, in his petition, alleged that the defendant, J. B. Beller, purchased from said Padgetts the crops grown on said land for the year 1920 and wrongfully detained from the plaintiff the corn and cotton described therein.

The defendant, in his answer, denied that plaintiff was entitled to the possession of said crops at the time the writ of replevin was issued in this action, but disclaims any interest in such portions of said crops as the plaintiff was entitled to under his contract with said Padgetts. Defendant denied that he refused possession of any portions of said crop to the said plaintiff, and alleged that the said writ of replevin was wrongfully issued, and prayed judgment.

The case was tried before the court and jury and resulted in a verdict for the defendant for the return of the share of the property belonging to the defendant, or its value, fixed at $942.25. Judgment was rendered by the court in accordance with the verdict of the jury.

Motion for a new trial was overruled, and the plaintiff has brought the case here for review by petition in error and case-made attached.

Only one proposition is presented in the brief of plaintiff for reversal of the judgment, which is that the court erred in refusing to give instruction No. 2, requested by the plaintiff.

The instruction referred to is as follows:

"If you find from the evidence that the tenant, Padgett, assigned the lease to the defendant, Beller, without the written consent of Rose, and that Rose gave the statutory notice to Padgett, to terminate the tenancy and that Beller agreed with Rose that if he, Rose, would agree to allow him to gather the crop according to the lease contract, he, Beller, would gather it in the manner required by the contract, it being understood that such agreement would not constitute a waiver of Rose's rights to possession; and if you further find that Beller did not gather the crop as required and specified in the lease contract you will find for the plaintiff." 

The essential facts disclosed by the record are that on October 11, 1919, the plaintiff leased in writing certain lands to W. F. Padgett and C. F. Padgett for agricultural purposes. The written contract leasing the lands, between the plaintiff and the Padgetts, provides: "And the second party further agrees to * * * harvest all crops in due time and season".

The rent portion provided by the lease was a fourth of the cotton and a third of the corn and contained the following provision:

"If the second party, fails to comply with or violates any provision of this contract the first party may, at his option, declare all further rights of possession to said premises forfeited by the second party and the first party may thereupon take possesion of said premises and eject second party therefrom."

It appears from the evidence that the Padgetts raised a crop of corn and cotton on the leased lands during the year 1920, and that in July of that year, after the crops had been "laid by," the Padgetts sold their interest in the crop and certain other personal property belonging to them to the defendant, for which the defendant paid them $6,750.

It further appears that in the latter part of July, 1920, and after the defendant had purchased the share of the Padgetts in the crop in question, there was a meeting of the plaintiff and defendant and the attorneys of the respective parties as a result of which an agreement or understanding was arrived at to the effect that the defendant, Beller, was permitted by the plaintiff to proceed in the gathering of the crop and to pay the rents to the plaintiff as the Padgetts had been doing in the past.

With reference to what was agreed to between the parties at this conference in July the plaintiff on his direct examination stated:

"There was something said about that, that we would waive no rights whatever we had under the contract with Padgett, but if Mr. Beller (defendant) went ahead and gathered the crops, paid the rents the same as Mr. Padgett had been doing in the past, all well and good."

The attorney for the plaintiff, in this connection, made the following statement as disclosed by the record:

"As Judge Fannin has stated just now, Mr. Beller, or Mr. Rose and I, went into Mr. Fannin's office and Mr. Beller was in there, and as Judge Fannin has stated, there has been some negotiations back and forth about the matter and I went in there as Mr. Rose's attorney and I made substantially this statement. to Mr. Fannin and Mr. Beller: that Mr. Rose didn't want to work any hardship on Mr. Beller since he had already bought the crop and paid for it, but we were not consenting to the transfer —we were not waiving rights that we thought we had under the law, but that we were going to let the matter rest so far as asserting what we thought to be our legal rights in the possession there and that if Mr. Beller came along according to the contract, gathered the rent, and there was no trouble about it, it would be alright, and that was the way the matter was disposed of, and went off, and that was the understanding that was afterwards had."

The record discloses that acting in pursuance of this understanding and with the knowledge and consent of the plaintiff, the defendant proceeded to perform the Padgetts' contracts by gathering the crops from the date of the agrement with the plaintiff in July, 1920, until January 1, 1921, and there is evidence tending to show that the defendant delivered or reserved, from time to time, to the plaintiff his share of the crops.

We think it clear under this state of facts that the defendant occupied the same position as the Padgetts in their obligations to carry out the contract with reference to gathering the crop and paying the rent as Padgett himself occupied to the plaintiff, and the court so instructed the jury.

It was the contention of plaintiff, as we understand it, in the trial of the case, that the defendant had failed to deliver to him his share or proportion of the crop at the time the writ of replevin was served, under which writ the plaintiff, on or about January 1, 1920, levied upon the entire crop of corn and cotton, including the defendant's share, with the exception of four loads of corn.

The question of fact as to whether the defendant withheld from the plaintiff his share of the crop was duly submitted by the court to the jury by special interrogatory, and the jury made an express finding that the defendant did not withhold from the plaintiff his share or proportion of the crop in question. The evidence, disclosed by the record, we think sufficiently supports this finding of fact.

Plaintiff contends that pursuant to the provisions of section 7350 and section 7351, Comp. Stat. 1921, which provide, in substance, that "No tenant for a term not exceeding two years * * * shall assign or transfer his term or interest or any part thereof to another without the written assent of the landlord or person holding under him" and that "if any tenant shall violate the provisions of the preceding section the landlord * * * after giving ten days notice to quit possession, shall have a right to re-enter the premises and take possession thereof and dispossess the tenant, subtenant, or undertenant," he was entitled to have submitted to the jury the issue contained or suggested in his requested instruction.

In view of the pleadings and the evidence, we think the court did not err in refusing to give the instruction requested. The requested instruction was based upon the assumption that there had been an assignment of the lease itself, such as would work a forfeiture, not only of the lease, but of all of the crops grown on the land. There was no evidence that the Padgetts made an assignment of their lease to the defendant. It is true they sold the defendant, Beller, their share of the matured crops, and, as before stated, this transaction between the Padgetts and the defendant was recognized and acquiesced in by the plaintiff, subject to the condition that the defendant should pay the rents as provided in the Padgetts' leases.

That part of the requested instruction to the effect that if the defendant did not gather the crop as required in the lease contract, the jury should find for the plaintiff, was, we think, sufficiently covered in the instructions submitted by the court.

It is not error to refuse to give a requested instruction which cannot be given without correction or modification. Colonna v. Eiseman Mfg. Co., 98 Okla. 107, 224 Pac. 181.

We conclude that whatever rights the plaintiff had against the Padgetts accrued in July, 1920, when they sold their interest in the crops in question to the defendant. With full knowledge of what the plaintiff regarded as a breach of the lease contracts, he orally permitted the defendant to take the place of the Padgetts and harvest the crop in question.

Upon an examination of the entire case, we are of the opinion that the evidence reasonably tends to support the verdict of the jury, and that the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 853; (2) 38 Cyc. p. 1709.