## GULF, COLORADO & S. F. RY. CO. v. BROWN.

No. 15521—Opinion Filed ·Sept. 15, 1925.

**1. Waters and Water Courses — Surface Waters—Rights of Landowners.**

Surface water, by frequent running having worn a well-defined channel, may not be obstructed to the injury of the dominant proprietor. Each must use his own property so as not to injure the rights of another, C., R. I. & P. Ry. Co. v. Groves; 20 Okla. 101, 93 Pac. 755.

**2. Same—Railroad Embankments—Protection of Adjacent Land.**

Where a railroad company, constructs an embankment along plaintiff's property, and by so doing checks and diverts the natural flow of surface water from the plaintiff's land, it is the duty of the company to so construct the embankment as not to work injury to the abutting landowners, and to provide suitable outlets for surface water under o·din·iry circumstances an·l to keep and maintain such outlets open and unobstructed.

**3. Appeal and Error—Questions of Fact— Conclusiveness of Verdict.**

Questions of fact are exclusively for the jury, and where the facts in a case are properly submitted to a jury under a correct theory of the law, and the evidence reasonably tends to support the verdict, it will not be disturbed on appeal.

**4. Trial—Sufficiency of Instructions—Refusal of Requests.**

It is not error for the court to refuse to give a requested instruction which is covered by the general instructions given..

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from Superior Court, Pottawatcmie County; Leander G. Pitman, Judge.

Action by Mary Brown against the Gulf, Colorado & Santa Fe Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Cottingham, McInnis & Green and Frank G. Anderson, for plaintiff in error.

F. H. Reily and A. M. Baldwin, for defendant in error.

Opinion by RUTH, C. Plaintiff and defendant will herein be designated as they appeared in the trial court.

Plaintiff's petition alleges Mary Brown was the owner of certain lands in Pottawatomie county, and the slope and decline of her lands was from east to west; that defendant constructed its railroad from north to south along the west line of her lands, and in so doing it constructed an earth embankment from three to six feet in height along the west line of her lands; that on either side of the railway embankment defendant had dug "borrow pits" along the railway line, from which pits the earth was obtained to construct the embankment; that the borrow pit east of the embankment, being the west line of plaintiff's property, formed a ditch along the west line of plaintiff's land, sufficiently deep to carry off the water that fell on plaintiff's land and adjacent land, but that defendant had permitted and suffered this borrow pit or ditch to become filled with sand, and trash, and overgrown with weeds until the land where the borrow put formerly was is now higher than plaintiff's land and the railway embankment formed a dam and caused the water to back up on plaintiff's land and deposit from six to 16 inches of sand and unproductive clay on about five acres of plaintiff's land, valued at $100 per acre, and totally destroyed crops of the value of $200; that prior to the erection of the railway embankment, the water flowed over her land from east to west and on down into Hog creek, and plaintiff prays damages in the sum of $700.

Defendant for answer admits the construction of the embankment and the digging of the borrow pits, and says if the pit became filled with sand, the same was occasioned

by sand washing across plaintiff's land and lodging in the pit, and plaintiff had no right to drain water into its borrow pit. That if plaintiff sustained damages it was caused by the act of "Providence," by sending an unusual and extraordinary rainfall and flood, and the natural overflow of Hog creek, and plaintiff never requested defendant to provide other outlets or to maintain its railway in any other or different manner.

The cause was tried to a jury and a verdict returned for plaintiff, fixing her damages at $150, and defendant appeals.

Plaintiff's tesimony was to the effect that prior to the erection of the embankment, the water from the highlands flowed west across her lands and into Hog creek, and after the erection of the embankment, the water flowed into the borrow pits, and was thence turned at right angles, and flowed to a culvert or trestle constructed by the defendant and thence turned at right angles and flowed into Hog creek. That the borrow pits had become filled with sand and weeds and had not been cleaned out since 1915, and during a rain in 1913 the water backed up on plaintiff's land and deposited from six to 16 inches of sand and clay thereon, ruining lands and destroying crops, and had the borrow pits been kept open it would have furnished sufficient drainage, and the damage would not have been sustained.

Evidence was introduced by defendant to prove the borrow pit was in a fairly open condition and that instead of the embankment being a detriment to plaintiff's land, it was in reality a protection to the plaintiff's land, as it formed a coffer dam and kept the water from backing up from Hog creek onto plaintiff's land.

It is the duty of a railway company in constructing its road to so construct it as not to work injury to abutting landowners, and to provide suitable outlets for surface water flowing from abutting and adjacent lands, and to keep such outlets open and unobstructed.

It appears from the evidence that prior to the construction of the railroad and the throwing up of this embankment, the surface water flowed down a "gully" or depression on the plaintiff's land, and thence into Hog creek, but that the embankment diverted the surface water at a right angle at the embankment, throwing it to a culvert or trestle, and thence to the creek, and this court has held:

"Surface water by frequent running having worn a well-defined channel, such channel may not be obstructed to the injury of the dominant proprietor." C., R. I. & P. Ry. Co. v. Groves, 20 Okla. 101, 93 Pac. 755, and cases there cited.

Each must use his own property so as not to injure the rights of another, or, as Pothier expresses it:

"Each of the neighbors may so do upon his own heritage, what seemeth good to him, in such manner, nevertheless, that he doth not injure the neighboring heritage."

The building of the embankment, the digging of the borrow pit, were admitted by the defendant in its answer. The diversion of the surface waters; the negligence of the defendant in suffering the ditch to become and remain filled with sand and weeds, and that this caused a condition resulting in injury to the plaintiff, were pure unmixed questions of fact. Questions of fact are for the jury, and where the facts in a case are properly submitted to a jury, under a correct theory of the law from the court, and the evidence reasonably tends to support such verdict, it will not be disturbed on appeal. Lonsdale Grain Co. v. Johnston, 78 Okla. 174, 189 Pac. 359. This has been decided so often by this court that it is unnecessary to cite further authorities, a long list of which will be found on pp. 304, 305. Complete Oklahoma Dig. (Bobbs-Merrill Company), under title "Appeal and Error."

Defendant assigns as error the refusal of the court to give instructions Nos. 1, 2, and 3, as requested by defendant, and to the giving of instructions Nos. 9 and 10. No authorities are cited by defendant to support the requested instructions, or to point out any error in instructions Nos. 9 and 10 as given. Defendant requested the court to instruct the jury that it was not the duty of the defendant to keep the borrow pits open and free from obstruction if the plaintiff was the only person benefited by the maintaining of the borrow pit unobstructed. In other words, the defendant would have the court instruct the jury to the effect that "it is true the defendant has built an embankment around the low end of your lands, they have dammed up the water, they have impounded all surface water on your land, and now it is up to the plaintiff to dig her way out."

This was clearly erroneous, and requires no comment or citation of authorities and the refusal of the court to give the same was not error.

Instruction No. 2, requested by defendant, is not an affirmative or positive statement of law, but is negative throughout, but as the court covered the points therein con-

tended for in a positive or affirmative instruction, it was not error of the court to refuse to give the requested instructions.

It is not error for the court to refuse to give a requested instruction which is covered by the general instructions given. Colonna v. Eiseman Mfg. Co., 98 Okla. 107, 224 Pac. 181; Mills v. Williams, 87 Okla. 190, 209 Pac. 771; Mills v. Stewart, 87 Okla. 189, 209 Pac. 770; Muskogee Elec. Trac. Co. v. Jackson, 88 Okla. 184, 212 Pac. 416; Clapp v. Miller, 89 Okla. 38, 213 Pac. 854; Producers & Refiners Corp. v. Castile, 89 Okla. 261, 214 Pac. 121.

Instruction No. 3, requested by defendant, is along the same line as requested instruction No. 1. Under this requested instruction the jury would have been advised that even though they found the embankment constituted an impounding dam and the defendant dug the borrow pit or ditch along the west side of plaintiff's land, turning the water at right angles, it was the duty of the plaintiff to go out upon the defendant's right of way whenever this ditch was not open, and dig out and open up this defendant's ditch, which the evidence shows was about 20 feet wide at the top and from three to six feet deep, running full length of plaintiff's land. No authorities are cited to sustain this requested instruction, and it did not correctly state the law, and the court did not err in refusing to give the same to the jury as the law governing this case.

Instructions Nos. 9 and 10, summarized, advise the jury that defendant is not liable for an act of God, and if the flood was so unusual and unprecedented that its result and effect could not have been reasonably anticipated and provided against by any ordinary person in defendant's situation, then the defendant is not liable, unless it was further found that though the flood was the act of God, the injury would not have occurred had the defendant not constructed the embankment or had kept the ditch open to carry off the water falling from the plaintiff's land to Hog creek.

We find no serious objection to the instructions as given, and the defendant was not prejudiced in the giving of instructions Nos. 9 and 10, or in the refusal of the court to give instructions Nos. 1, 2 and 3 requested by defendant.

Finding no error in the record, we recommend the judgment of the trial court be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 40 Cyc. p. 643. (2) 40 Cyc. p. 645. (3) 4 C. J. p. 851, § 2834; 38 Cyc. p. 1512. (4) 38 Cyc. p. 1711.