GULF, C. & S. F. RY. CO. v. ANDERSON. SAME v. DAVIS. (Consolidated.)

No. 19025. Opinion Filed April 16, 1929.

Rainey, Flynn, Green & Anderson, M. M. Gibbens, and W. N. Lewis, for plaintiff in error.

Jess L. Pullen, for defendants in error.

HALL, C. These actions involve the same questions, and were consolidated by consent of the parties. They were instituted for the purpose of recovering damages sustained to real property by reason of flood waters. The defendant maintained a railroad across a branch or ravine adjacent to which were plaintiffs' properties. The roadbed across the ravine consisted of an embankment, and drainage was by means of a double arched culvert under the tracks.

The theory upon which the causes of action were submitted to the jury was that the culvert was insufficient or too small to carry away such flood waters as should have been reasonably anticipated, and that the railway company permitted the culvert to become partially clogged with debris, resulting in insufficient drainage, and that during a heavy rain and storm the embankment dammed up the water one or two feet higher than it otherwise would have arisen but for the embankment and condition of the culvert.

There is ample testimony in the record to the effect that at the time of the overflow under consideration here, the openings or "eyes" of the culvert were completely hidden about 1½ feet below the water; and that on other occasions and at other times flood waters covered the culvert openings and formed into a body of water which arose to about two feet higher on the upper side of the railway culvert and embankment than on the lower side. Considerable damage was alleged in the petitions, and in a somewhat indefinite manner these al-

legations were supported by testimony, but the jury returned a verdict in one case for the sum of $300, and in the other case for the sum of $100.

Plaintiff in error in seeking reversal of the judgment submits four propositions. We see no merit in any one of the propositions except the contention that the testimony as to the extent of the damages which plaintiffs sustained was somewhat indefinite as to the amounts. In this connection, however, one of the plaintiffs, Anderson, testified that the back-waters, or flood waters from the cause heretofore mentioned, ruined the foundation of his house, filled his cellar with mud and water, destroyed his flower garden, and did other minor damage which generally is a result of water one or two feet deep overflowing one's living premises. He further testified that he was acquainted with the value of real property in the particular neighborhood, and that the value of his property before the overflow was about $2,500 or $3,000, and that after the overflow he thought it to be worth only about $1,200; and that the property of the plaintiff Davis was worth about $600 less, after the flood or overflow, than prior thereto. The jury did not take this view of the matter, but instead rendered their verdict for $100 in favor of Davis and $300 in favor of Anderson. Had the jury returned a verdict for approximately the amount claimed by the plaintiffs, we would have been inclined to reverse the judgment, because of the lack of certainty as to the amount of damages, but because of the smallness of the verdict when compared to the damages which must necessarily have resulted from the character of the acts and injuries complained of, we are not inclined to disturb the verdict and judgment.

This field of the law has been pretty thoroughly developed in this state, and it is unnecessary to enter into an extended discussion of the legal principles involved. The question is controlled by cases of Gulf, Colorado & Santa Fe Ry. Co., v. Brown, 112 Okla. 1, 239 Pac. 599; Cole v. Missouri, etc., Ry. Co., 20 Okla. 227, 94 Pac. 540; 58 L. R. A. (N. S.) 268; Jefferson v. Hicks, 23 Okla. 684, 102 Pac. 79, 24 L. R. A. (N. S.) 214; Chicago, R. I. & P. Ry. Co. v. McKone, 36 Okla. 41, 127 Pac. 488, 42 L. R. A. (N. S.) 709. The rule applicable here is stated in Ruling Case Law, vol. 27, p. 1107, as follows:

"While it is the general rule that where rains are so unprecedented, and the flood caused thereby so extraordinary, that they are in legal contemplation the act of God,

one obstructing a natural watercourse will not be held liable, it must appear, in order to give immunity under that rule, that the act of God is not only the proximate cause but the sole cause of the injury. And where an unprecedented flood is the cause of the injury, but the prior, coincident, or subsequent negligence of a person obstructing a natural watercourse so mingles with it as to be an efficient and co-operating cause, the obstructor will be held responsible, because his act is causa sine qua non." (Citing Chicago, R. I. & P. Ry. Co. v. McKone, supra.)

There was no substantial or prejudicial error in the instructions, and the issues were fairly submitted to the jury, and the judgments are therefore affirmed.

BENNETT, HERR, JEFFREY, and LEACH. Commissioners concur.

By the Court: It is so ordered.