SOUTHWEST STONE CO. v.
HUGHES, Adm'r.

No. 32237. Feb. 4, 1947.

Rehearing Denied Feb. 18, 1947.

*177 P. 2d 489.*

Mont R. Powell, L. B. Moore, and Thomas D. Lyons, all of Oklahoma City, and C. B. Memminger, of Atoka, for plaintiff in error.

Utterback & Utterback, of Durant, and C. B. Cochran, of Oklahoma City, for defendant in error.

GIBSON, J. Defendant in error instituted this action against plaintiff in error in the district court of Atoka county to recover damages on account of the death of Melvin Tisdell. The case was tried to a jury which returned verdict against plaintiff in error in the aggregate sum of $25,439.50, and plaintiff in error prosecutes this appeal from the judgment rendered thereon. For convenience the plaintiff in error will hereinafter be designated as defendant, and defendant in error as plaintiff.

The defendant operated a plant where stone was quarried and crushed, and deceased, an employee of defendant, came to his death while in such employment. At the time of his death deceased was 29 years of age; was receiving a wage of $200 per month and was survived by his wife and two minor children.

Plaintiff's action was in three counts. Count one was for the pecuniary loss suffered by the widow and children, for which $45,000 was prayed. Count two prayed judgment for $5,000 for pain and suffering suffered by the deceased. Count three prayed judgment for $439.50 on account of the funeral expense the estate of defendant sustained.

The issue on the second count was withdrawn from the jury. On the first count the jury found for plaintiff the sum of $25,000, and on the third count

$439.50. Judgment was awarded plaintiff in accordance with the verdict.

The alleged errors relied on in the argument for reversal are presented under 16 propositions. The only basis, however, for any alleged error is founded on the correctness of one or more of the following charges: insufficiency of the petition to support the issue of negligence in view of the failure of the proof to sustain an allegation thereof which is urged to be essential; insufficiency of the evidence to prove the negligence charged; errors of court in refusing to give requested instructions and in giving other instructions over defendant's objection; error of court in permitting the introduction of oral testimony upon hearing motion for new trial; and error of court in not awarding a new trial upon ground that verdict was excessive.

The allegations of negligence are set forth in the petition on the first count and made a part of the third count by reference.

The allegations are as follows:

"(3) That on the 27th day of July, 1943, and for some time prior thereto the said deceased, Melvin Tisdell, was in the employ of said defendant, as a driller; and his duties required him to operate a drill, thereby making holes in the face of the rock, in which holes dynamite, or other high explosive substance, was placed and exploded, thereby tearing down and removing from the face of the rock large quantities of same.

"That the deceased was required to stand at the base of the face of the rock, or in the immediate vicinity of the base, holding his drill, which was furnished by the Company, in front and against the face of the rock. That at the time of the injury which resulted in the death of the deceased the face of the rock was approximately 45 feet in height. That it was approximately perpendicular for a distance of some eighteen or twenty feet, and from there on to the top it sloped slightly, but for all practical purposes the entire face of the rock was perpendicular. That after these shots were placed in the face of the rock and fired, large quantities of this stone would

be loosened, a great deal blown down, and some particles left hanging in the face of the rock, but loose.

"That at about 1:30 a. m., on July 27, 1943, while the deceased, Melvin Tisdell, was so engaged in operating his drill in the face of said rock, the lamp, which was furnished to him by the company to furnish light so that he could see to do this work and also to avoid injuring himself, while standing on loose rock which accumulated at the base of the cliff, or face, went out; and because of some defects, the nature of which are unknown to this plaintiff, said lamp would not burn. That the deceased and another employee of the company attempted to fix said lamp. That when they did get it fixed so that they believed it would operate, the other employee began putting the lamp together, preparatory to lighting it, and the deceased went to his station where he was drilling this hole in the face of the rock and started his drill; and while so engaged, in the dark, with no light, a rock which had become loosened in the face somewhere up above the said deceased fell, striking the said Melvin Tisdell on or near the top of the head, seriously and fatally injuring him, fracturing his skull, depressing the bone, and injuring the brain, blood vessels, membrances and tendons in and surrounding his brain, tearing, bruising and lacerating them; from which injuries he did, at about 5:00 p. m., on said July 27, 1943, die, after having sustained a period of some several hours' conscious pain and suffering.

"(4) That the death of said Melvin Tisdell was due to the carelessness and negligence of defendant and its agents and employees in failing to furnish said employee with a good and sufficient light by which he could see and which would, to a certain extent, enable him to avoid being struck by falling rock; and further by the carelessness and negligence of said defendant and its agents in failing to take proper steps and precautions to see that said loosened rock on the face of said wall was either knocked out or held by some screen to prevent said rock from falling and striking said workman. That said defendant had taken no precaution whatever to make said place where the deceased, Melvin Tisdell, worked safe, and had

260

not used ordinary precautions to protect him from falling rock, although the said defendant knew, or by the exercise of reasonable diligence and ordinary care could have known, that said loose rock fell at various times from the face of said wall."

Each of the allegations of negligence is supported by the evidence except two. One, the allegation that, on returning to his station, the deceased "started his drill," is negatived by the proof that, on going to aid in fixing the lamp, he left the drill running which is unimportant to the issue here. The other, the allegation that the lamp ceased to burn by reason of a mechanical defect, is negatived by the evidence which clearly shows that the lamp, a carbide lamp, ceased to give light by reason of the exhaustion of the carbide therein and that it again gave the customary light as soon as recharged with carbide.

After declaring that the gravamen of the charge of negligence lies in the alleged defect in the lamp and that such defect was disproved by the evidence, there is said:

"There is no contradiction whatsoever in the testimony on this point. The negligence charged in the petition as to the furnishing of the employee with a defective, unsafe lamp falls to the ground and there falls with it all the charges as to surrounding circumstances, which in itself did not constitute negligence, but merely were matters of inducement to show the danger Melvin Tisdell was in, working in the dark. It is charged specifically that this unsafe place, to wit, working in the dark without light, was caused by the defendant's failure to furnish a proper lamp, and its negligence in furnishing a defective lamp."

The petition is not susceptible of the construction that the charge of negligence rests solely upon the allegation of a defect in the lamp. It is alleged in the petition that defendant failed to furnish a safe place to work and that the danger of the place arose from the falling of rocks due to the failure of defendant to take precautions to prevent the same. So considered, it is evident the defect

in the lamp has reference to the increase by darkness of a danger that would have been in part diminished by the presence of light. And it is in substance so alleged.

Without objection thereto, evidence was introduced concerning the conditions that existed generally and the conduct of the defendant with respect thereto. And there was evidence to the effect that following the shots, which blew the stone from its position, loose stones of varying size would remain about the wall and unless removed were liable to and frequently did fall and in doing so strike those engaged at the bottom of the wall, and that defendant was fully advised of the situation in such respects. That the matter of a portable roof over each driller, which would afford protection against small falling stones, had been discussed but never provided. That since the death of the deceased the defendant installed a crew whose duty it was to clear the wall of loose stones.

There is no merit in the contentions (1) that the petition, independently of the charge of defect in the lamp, is insufficient to charge actionable negligence, (2) that there was no competent evidence of the negligence charged, and (3) that the court committed error in not sustaining defendant's demurrer to plaintiff's evidence and directing a verdict for the defendant.

Error is alleged on the refusal of the court to give the following requested instruction:

"You are further instructed that the carbide lamp referred to in the testimony is an ordinary devise, easily and conveniently operated, that its character and uses were fully understood by the deceased, Melvin Tis*dale,* that the same at the time of the accident which caused the death of Melvin Tis*dale* was in a proper state of repair, so that it could be easily operated by the drillers or their helper, that the same was of common use, and suitable to the purposes for which it was employed, that the decedent, Melvin Tis*dale* had operated and used said carbide lamp in the same em-

ployment for a great number of months; and thoroughly understood its character, and uses; that under the testimony in this case there is no evidence of any negligence or lack of care or breach of duty based on the condition of said carbide lamp, that the same was in proper state of repair, and that it was necessary only to refuel it, which was done by Herman Lansdale and Melvin Tis*dale*. You are therefore instructed that you cannot find any liability against the defendant based on a claim of defect in said carbide lamp, and said issue is withdrawn from the jury."

No authorities are cited in support of the alleged error, and as reason therefor there is said:

". . . the court's refusal to withdraw this issue from the jury permitted the jury to speculate and guess as to the matter of the lamp and is reversible prejudicial error."

The requested instruction was incorrect, and consequently no error can be predicated on the court's refusal to give it.

No error can be predicated upon the refusal of the court to give a requested instruction that cannot be properly given without modification or amendment (Rose v. Beller, 106 Okla. 143, 233 P. 454).

It is urged that the court erred in not sustaining defendant's demurrer to the evidence and in not directing a verdict for defendant upon the further ground that it affirmatively appears that the proximate cause of the death was the primary negligence of the deceased. The rule invoked as applicable is stated in Graney v. Midland Valley Ry. Co., 111 Okla. 128, 238 P. 838, as follows:

"1. The master is not liable for injury to one of his servants, where the servant departs from the ordinary and usual way and manner of performing the duties for his master, which results in injury to the servant. The servant departs from the ordinary and usual manner of the performance of his duties for his master at his own peril.

"2. The injury to the servant during such departure, if the injury grows out of and is incidental to the departure, is the primary negligence of the servant."

The basis for the application of the rule is thus stated:

"Mr. Tisdell stood in a safe place with the other two employees at the site of the refueling of the lamp and had he not departed from that ordinary and usual place, he would have received no injury that night. He did depart from it to do what counsel says is actionable negligence, in his petition, to-wit, he went back to the wall of his own volition, against the instruction of his employer. (See testimony of Mr. Dodd, statement of fact and case-made.) This was the proximate cause of his injury and is the primary negligence of the decedent. Therefore, the court should not only reverse this cause, but should direct that it be dismissed for the reason that there can be no recovery against the defendant even at a subsequent trial."

This contention loses sight of the factual situation as a whole and emphasizes an act which at most might be deemed contributory negligence or an assumption of risk, both of which would be questions for the jury.

To have taken the case from the jury on the ground that it appears as a matter of law that deceased came to his death as result of his primary negligence would have been erroneous. If there was error, it is to be found in the instruction given being too favorable to defendant because it indicated to the jury that the facts warrant the finding that the primary negligence of deceased was the cause of his death.

It is charged that error was committed in the giving of the following instruction:

"12. If you find for the plaintiff, then in assessing the damages you will fix the amount of his recovery at such sum as will reasonably compensate the widow and her children in a pecuniary way for such loss as was occasioned and sustained by said widow and children by the death of the deceased. The mea-

sure of damages recoverable by law for the benefit of the widow and children is that sum which will fairly compensate them of the loss of contributions for their support, care and maintenance which they might, under all the evidence in this case, have reasonably anticipated receiving from the deceased for such time as he might have reasonably been expected to live had such accident and death not occurred, and you may, in arriving at such sum, consider the probable earning capacity of the deceased, his age and life expectancy, experience, habits and bodily qualifications, but your verdict should not exceed the sum of $45,000, prayed by the plaintiff, under the first count of plaintiff's petition."

The error charged is that it authorizes a recovery for the children throughout the life expectancy of the deceased and thus beyond the periods of their minority.

And, in the same connection and under a different proposition, error is assigned upon the action of the court, on hearing motion for new trial, in admitting evidence to the effect that, in the argument, the matter was presented to the jury solely upon loss of contribution during the periods of minority, thereby seeking to negative the idea that the jury was misled by the instruction.

The quoted instruction did not stand alone and is not to be so considered.

The quoted instruction was No. 12 of the court's instructions. Instruction No. 13 directed the jury that if they found for plaintiff, the measure of damages for funeral expenses would be $439.50. And instruction No. 14 is as follows:

"14. The measure of damages in this case, in the event you find the defendant to be liable, is the pecuniary loss suffered by widow and the minor children by reason of the loss of the deceased and by reason of the funeral expense. You cannot allow for grief or anguish of mind arising from the death of the deceased; but you may take into consideration the position the deceased occupied, and the support and protection that he would have afforded to the widow and her minor children had he

lived; and, in arriving at this, you will take into consideration his earning capacity, physical condition, his habits, and all the surrounding circumstances as you find them to be from the evidence. In determining the earning capacity of the deceased you are not limited to considering the wages he received in his employment at the time of his death, and prior thereto, but may consider what he would reasonably and ordinarily have earned in the future in ordinary times and conditions."

In Tradesmen's Nat. Bank of Oklahoma City v. Harris, Rec., et al., 145 Okla. 54, 291 P. 38, it was said:

"Instructions, as a general rule, should be construed together as a whole, and, when so construed, if they properly state the law, they will not be objectionable, although some of them or portions thereof, standing alone, might be misleading or may be technically inaccurate."

As an abstract proposition of law, the instruction is not erroneous because it may be considered as authorizing a recovery for pecuniary loss sustained by children after attaining their majority. A substantial loss to minor children following wrongful death is implied, as a matter of law, while the right of an adult child to recover must be based upon a reasonable expectancy of primary benefit which is dependent upon proof. (Belford v. Allen, 183 Okla. 256, 80 P. 2d 671.)

Considering the instructions as a whole, which the jury was expressly directed to do, instructions Nos. 12 and 14 were of equal importance, and, dealing expressly with the same subject, would have to be considered together.

Instruction 12 carries no express statement that pecuniary loss after attaining majority was to be considered. It is susceptible to the inference that the pecuniary loss contemplated is that suffered by the family as a unit, and this finds emphasis in the fact the evidence of loss bears solely upon contributions to the family as a unit. The result is that the instruction is not definite in the respect involved.

Instruction No. 14 is substantially the same except that it limits the pecuniary loss of the children to that suffered during the minority. There is no repugnancy in the two instructions. And since such alleged repugnancy and defendant's reliance thereon is the sole reason alleged why the court heard oral testimony, on hearing motion for new trial, the propriety of the court in hearing such testimony becomes moot and it is not necessary to pass upon the error alleged thereon.

Errors are assigned on the refusal of the court to give requested instructions other than those hereinbefore expressly discussed. All of such instructions were covered by those given by the court except those that are contrary to the law of the case as herein declared. We have examined the instructions of the court and find that as a whole they fairly present the issues and that no prejudicial error was committed therein.

It is urged that the verdict is excessive. The only argument presented in support of the contention is the alleged error of said instruction and the authority of the jury thereunder to make unauthorized allowance to the children for losses to be suffered after attaining their majority. Without evidence that the jury in fact did so, the virtue of the argument must rest upon the unwarranted assumption that the jury in violation of its duty ignored the qualifying effect of instruction No. 14.

The question here is not whether the jury could but whether it did transcend its bounds. In Oklahoma Gas & Electric Co. v. Oliphant, 172 Okla. 635, 45 P. 2d 1077, we said:

"When a verdict is attacked on the ground that it is excessive, this court will not disturb the same unless the jury has committed some gross and palpable error, or acted under bias, influence, or prejudice, or has totally ignored the rule of law by which damages are awarded."

The main facts upon which the jury was to base its conclusion are as follows: The deceased, at the time of his death, was of the age of 29 years and had a life expectancy of 35 years and eight months. He was survived by his wife and two children, aged ten and seven years, respectively. The deceased was earning the sum of $200 per month, which was used entirely for the support of himself and his family, and the uncontradicted evidence is that of the monthly income $150 was spent for the benefit of the wife and children. Even if it be thought that the contribution would be reduced when each child reached majority, the contribution based on deceased's life expectancy would have justified a large verdict.

The contention that the verdict is excessive is not supported by the record.

Judgment affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, OSBORN, WELCH, CORN, and ARNOLD, JJ., concur.