Josh J. EVANS, Plaintiff in Error,

v.

Elizabeth WILKINSON, Executrix of the Estate of Edgar B. Wilkinson, deceased, and Elizabeth Wilkinson, individually, Defendants in Error.

No. 41904.

Supreme Court of Oklahoma.

May 31, 1966.

Josh J. Evans, Vinita, for plaintiff in error.

Patrick A. Williams, Pawhuska, for defendant in error.

JACKSON, Vice Chief Justice.

The issue in this case is whether an appeal may be taken directly from an order vacating a default judgment.

On November 15, 1965, default judgment was rendered in favor of plaintiff, Josh J. Evans, against defendants, Elizabeth Wilkinson, Executrix, and Elizabeth Wilkinson, individually. On December 9, 1965, the trial court entered an order vacating said judgment, and plaintiff, Evans, did not file a motion for new trial. He seeks to present this appeal directly from the order vacating the default judgment and not from an order overruling motion for new trial.

For more than fifty years in Oklahoma lawyers and judges often had difficulty in determining whether a motion for new trial, and an order overruling the same, was necessary in perfecting an appeal. Frequently motions for new trial were filed when unnecessary, and appeals were dismissed because not filed in this Court within the statutory time. Out of this historical background came the suggestion from the Oklahoma Judicial Conference in 1962, that

if motions for new trial were required in every case this would eliminate the uncertainty and at the same time give the trial judge an opportunity to review his alleged errors. It was also believed that if any errors were made, either of fact or of law, the errors might be discovered and corrected at the trial level and thus the necessity of an appeal might be avoided.

Following the Judicial Conference in 1962 the Legislature in 1963, amended 12 O.S.1961, Sec. 651 (12 O.S.Supp.1963, Sec. 651) so that it now provides in pertinent part, as follows:

"A new trial is a re-examination in the same court, of an issue of fact, or of law, either or both, after a verdict by a jury, the approval of the report of a referee, or a decision by the court. * * *."

The reasons for the amendment of Section 651 were thoroughly considered in Poafpybitty v. Skelly Oil Company (1964), 394 P.2d 515, and again in Stokes v. State (1965), 410 P.2d 59. In Stokes, we held:

"By the terms of 12 O.S.Supp.1963, § 651, a motion for new trial became necessary and required in every case in order to preserve for review the errors in determining issues of fact and of law, whether such issues arose upon the pleadings or were raised by motion."

Section 651, as amended, has been applied in this court's Memorandum Decision by Order, and for the convenience of Oklahoma lawyers these orders have been printed in the Oklahoma Bar Journal, as follows: Moser v. Figg, 36 OBJ 905; Hill v. State ex rel. Hail, 36 OBJ 1349; Coward v. Coward, 36 OBJ 2418; Murray v. Watkins, 37 OBJ 79; Melott v. Melott, 37 OBJ 276; Henderson v. Chitwood, 37 OBJ 338; Prim v. Guiss, 37 OBJ 535; and Monsour v. Public Supply Co., 37 OBJ 535.

Considering the broad purposes of Section 651, as amended, it is apparent that all final orders of the trial court which are appealable, must be first presented to the trial court in Motion for New Trial, and that the appeal to this court must be from the order overruling motion for new trial.

We have carefully considered appellant's (plaintiff's) arguments and contentions and find them without merit. Decisions of this court rendered prior to the amendment of Section 651, supra, have been cited. These decisions, in view of the amendment, are now obsolete.

This case must be dismissed for want of jurisdiction to consider the errors sought to be presented because such errors were not preserved for appellate review by a motion for new trial and an order overruling the same. Stokes v. State and Poafpybitty v. Skelly Oil Co., supra.

Appeal dismissed.