### ST. LOUIS–SAN FRANCISCO RAILWAY COMPANY, a foreign corporation, Plaintiff in Error,

v.

### M. F. PINKSTON and Golda M. Pinkston, husband and wife, Defendants in Error.

### No. 41363.

Supreme Court of Oklahoma.

Aug. 2, 1966.

As Corrected Nov. 7, 1966.

Rehearing Denied Nov. 8, 1966.

Franklin, Harmon & Satterfield, Oklahoma City, and E. D. Grinnell, Jr., St. Louis, Mo., for plaintiff in error.

Erwin & Erwin, Chandler, for defendants in error.

WILLIAMS, Justice.

The parties will be referred to herein as they appeared in the trial court. Plaintiff sued the defendant railroad for damages to growing crops of alfalfa and wheat allegedly caused by the defendant damming up or stopping a natural drain or water course and causing water to collect and stand upon the fields of the plaintiff. The jury returned a verdict in favor of the plaintiff for $817.00 as damages to the alfalfa crop but denied recovery for damages to the wheat crop. Plaintiffs filed a motion for judgment notwithstanding the verdict seeking recovery for damages to the wheat crop. Defendant filed a motion for a new trial. Both motions were denied by the trial court.

Defendant prosecutes this appeal from the denial of its motion for new trial and plaintiffs prosecute an attempted cross-appeal from the denial of their motion for judgment notwithstanding the verdict.

The cross-appeal of the plaintiffs is dismissed because of their failure to file a motion for new trial in the trial court. The filing of a motion for new trial is a jurisdictional prerequisite to the prosecution of an appeal to this Court. Title 12, § 651; O.S.Supp.1963; Stokes v. State, Okl., 410 P. 2d 59; Poafpybitty v. Skelly Oil Company, Okl., 394 P.2d 515; Evans v. Wilkinson, Okl., 419 P.2d 275, decided June 4, 1966, O.B.J. Vol. 37, No. 22, p. 1096.

Defendant contends that the proof of the plaintiff is insufficient to establish liability against it and that the trial court erred in overruling its demurrer to the evidence and motion for a directed verdict.

Epitomized the evidence of the plaintiff is as follows: For more than 17 years prior to the date of trial in 1964 plaintiffs were the owners of a tract of farm land in Lincoln County and had lived on this land continuously during said period of time. The tracks of the defendant railroad passed across their farm in an east-west direction cutting the tract into two portions, one on the south side and one on the north side of the railroad tracks. A waterway or creek passes across the land from the north to the south draining about 700 to 800 acres of land north of the railway tracks. This creek is about 10 feet wide and 10 feet deep in certain places.

At the time the plaintiff purchased the tract of land and commenced occupying it the railroad tracks of the defendant passed across this waterway or creek on a trestle or bridge approximately 100 feet long.

During the year 1952 or thereabouts the defendant railroad removed its trestle and installed two metal drainage pipes approximately 6 feet in diameter. Pictures of these drainage pipes, offered in evidence, established that the 100 feet formerly occupied by the trestle had been filled in with dirt, the only openings in the dirt embankment being the drainage pipes.

The plaintiff, M. F. Pinkston, and several farmers living in the vicinity testified that when the creek was spanned with the trestle water flowing down the waterway would spread out and flow through the

trestle over an area approximately 100 feet wide but that after the drainage pipes were installed the water flowing down the waterway would back up and cover the land on the north side of the railroad tracks. One of the farmers explained that it took the water longer to flow through two six-foot pipes than it did by flowing under the trestle over a space of about 100 feet.

In the spring of 1962 the plaintiff planted alfalfa on the land immediately north of the railroad tracks. Some heavy rains occurred and the water backed up and covered the alfalfa field drowning it out so that the crop was lost.

During the fall of 1962 the plaintiff plowed up the field and sowed wheat. In the spring of 1963 another heavy rain occurred causing the water to back up on the wheat field and a portion of the wheat crop was lost. Plaintiff offered in evidence a letter written by his attorney to the defendant in January 1952 immediately before the defendant railroad removed the trestle and replaced it with the two 6-foot drainage pipes. In this letter the plaintiff, through his attorney, protested the change and advised the railroad that the 6-foot drainage pipes would be inadequate to carry the flow of water and that if the change was made the water flowing down the waterway would back up and flood the plaintiff's farm.

The only evidence offered by the defendant was that of an engineer. The engineer testified that the two 6-foot drainage pipes were adequate to drain the water flowing from the farm of the plaintiffs. He testified that he did not recommend the installation of a larger drainage pipe or any other system for draining the land. He further testified that the overflow of plaintiff's land was not caused by inadequate pipes but was due to the stream involved becoming filled with silt trapping the water on plaintiff's farm.

A railroad in this state is required by statute to restore every stream of water or watercourse across or upon which said railroad may be constructed "to its former state or to such condition as that its usefulness shall not be materially impaired." Title 66 § 12 O.S.1961 reads:

"Every corporation constructing, owning, or using a railroad, shall restore every stream of water, watercourse, street, highway, plank road, toll or wagon road, turnpike, or canal, across, along, or upon which said railroad may be constructed, to its former state, or to such condition as that its usefulness shall not be materially impaired, and thereafter maintain the same in such condition against any effects in any manner produced by such railroad. * * *"

■ A railroad is required to construct its bridges and culverts so that they will carry off the water of the streams and waterways over which the railroad is constructed. See Chicago, R. I. & P. Ry. Co. v. Turner, 141 Okl. 267, 284 P. 855.

In Gulf, C. & S. Ry. Co. v. Brown, 112 Okl. 1, 239 P. 599, this Court said:

"It is the duty of the railway company in constructing its road to so construct it as not to work injury to abutting landowners, and to provide suitable outlets for surface water flowing from abutting and adjacent lands, and to keep such outlets open and unobstructed."

■ Where surface water by frequent running has worn a well-defined channel such channel constitutes a waterway and may not be obstructed by a railroad so as to cause flooding to lands of adjacent landowners. Gulf C. & S. F. Ry. Co. v. Brown, 112 Okl. 1, 239 P. 599; Chicago R. I. & P. Ry. Co. v. Groves, 20 Okl. 101, 93 P. 755, 22 L.R.A.,N.S., 802.

In Kansas City Southern Ry. Co. v. Hurley, 61 Okl. 241, 160 P. 910, this Court said:

"Where a railway company attempts to alter the course of the natural drainage of a tract of land, it must provide sufficient means for the escape of the flow of such water, and where it attempts to gather up the water into ditches, it

must care for it so that it will not do injury to an abutting landowner greater than would have resulted had it not interrupted the natural drainage."

■ In the present case the defendant railroad by the use of a trestle did not interfere with the natural flow of water accumulated on the lands of the plaintiffs. This method was changed by filling in the 100 feet of space occupied by the trestle and substituting two 6-foot drainage pipes. The jury was warranted in finding that the drainage pipes were inadequate to take care of the flow of the water rapidly and it backed up and flooded the lands of the plaintiffs. There is undisputed evidence sufficient to establish liability on the part of the defendant and the cause was properly submitted to the jury.

■ The verdict of a jury on an issue of fact in an action of legal cognizance will not be disturbed where there is evidence reasonably tending to support it and no prejudicial error occurred during the trial. Wickham v. Belveal, Okl., 386 P.2d 315; Southwestern Bell Tel. Co. v. Cox, Okl., 375 P.2d 972; A. A. Murphy, Inc. v. Banfield, Okl., 363 P.2d 942.

■ Defendant contends that the trial court erred in permitting the plaintiff to offer evidence relating to the dismantling of the trestle and its replacement with metal conduits, citing Missouri, K. & T. Ry. Co. v. Johnson, 34 Okl. 582, 126 P. 567; Columbia & Puget Sound R. Co. v. Hawthorne, 144 U.S. 202, 12 S.Ct. 591, 36 L.Ed. 405; Alsup v. Saratoga Hotel, Inc., 71 Idaho 229, 229 P.2d 985. The cases cited hold that a change of physical conditions subsequent to an accident or injury is not admissible to show negligence of the party sued for the original accident or injury. In Missouri, K. & T. Ry. Co. v. Johnson, supra, we said:

"Evidence of repairs or alterations in a railroad embankment and bridge subsequent to a loss of property in a flood is not competent, as tending to establish negligence upon the part of the railroad

in the original construction of such embankment and bridge."

These authorities are not applicable to the facts in the present case. Here the evidence of the plaintiffs establishes that during the period of time the trestle spanned the waterway no flooding occurred. After the trestle was replaced with the metal pipes flooding occurred. There is no contention that the new method was installed to correct the inadequacy of the old. Hence the cases cited are not in point.

■ Defendant urges that error was committed in the admission of a letter by the then attorney for the plaintiffs to the defendant railroad, shortly before the removal of the trestle and the installation of the metal pipes, protesting against the change and pointing out that the two six-foot pipes would not adequately take care of drainage. In brief defendant argues, "The true issue was whether or not the water which stood on plaintiffs' field was impounded by defendant's fill due to the inadequacy of its drainage structures or whether it was actually back-water held there through inadequate drainage downstream from the defendant's pipes."

Defendant cites Maltby v. Chicago Great Western Ry. Co., 347 Ill.App. 441, 106 N.E. 2d 879. We believe we discern considerable difference between the facts in that case, wherein a letter written by an adjoining landowner tending to show the railroad crossing at which plaintiff allegedly was personally injured was not adequately protected with safety devices prior to plaintiff's injury, and the facts in the instant case.

Here, since there was other evidence introduced at the trial amply substantiating the verdict of the jury both as to the flooding and impounding of water upon plaintiffs' lands and crops by defendant and that such flooding and impounding was the proximate cause of injury to plaintiffs' property, and as to the amount of their loss, we decline to discuss this point raised by defendant on the ground that the error in admitting subject letter, if in fact it

was error, is determined to have been technical only and to have had no prejudicial effect on the outcome of the trial.

The cross-appeal of the defendants in error is dismissed. Judgment in favor of the defendants in error against the plaintiff in error affirmed.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, BLACKBIRD, BERRY and HODGES, JJ., concur.