## REMUND et al. v. McCOOL.

No. 5007.    Opinion Filed July 20, 1915.

(150 Pac. 1055.)

1. **TRIAL—Exceptions to Instructions.** At the conclusion of the instructions the following exceptions were taken: "To which instructions taken as a whole, and to each one separately, the defendants excepted." **Held,** such exceptions amount only to a general exception and will not avail as an exception to any particular paragraph.

2. **DAMAGES—Submission of Issues—Exemplary Damages.** The jury cannot return a verdict for exemplary damages unless the same is submitted to them in the instructions.

3. **REPLEVIN—Excessive Damages.** It is manifest that the verdict is excessive and was given under the influence of passion or prejudice.

(Syllabus by Mathews, C.)

*Error from Superior Court, Custer County;*
*J. W. Lawter, Judge.*

Action by O. A. McCool against L. C. Remund and George H. Remund. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

*Geo. T. Webster* and *Eugene Forbes,* for plaintiffs in error.

*Henry Bulow,* for defendant in error.

Opinion by MATHEWS, C. This is an action in replevin for the possession of a certain mare and cow, instituted in the superior court of Custer county by defendant in error. The parties hereto will be designated as in the lower court. Judgment was for the plaintiff for the possession of the property and for $500 damages for the wrongful taking of said property, from which judgment defendants have appealed to this court.

It appears from the evidence that the plaintiff was indebted to the defendant George H. Remund for a grocery bill and had given a mortgage upon the mare and a Jersey cow to B. D. Wood for $35. It seems that George H. Remund was unsuccessful in his efforts to collect his bill from the plaintiff, and the crude plan was devised that defendant I. C. Remund would purchase the note and mortgage held by Wood against the plaintiff, sell the property under the Wood mortgage, and that George H. Remund would garnishee him for the grocery bill. He accordingly had the Wood note and mortgage transferred to himself and his brother, George H. Remund, went out to plaintiff's place during his absence, and took possession of the mare and a Jersey cow. Plaintiff at once offered to pay off the Wood note and mortgage and demanded the property, and upon being refused possession of the same, instituted this action. It developed at the trial that the cow taken from plaintiff was not the cow mortgaged to Wood.

Defendants' assignment of errors can be treated under two heads as follows: (1) Error of the court in its instructions to the jury. (2) The verdict was excessive and appears to have been given under the influence of passion and prejudice.

1. The defendants made the following exceptions only to the instructions: "To which instructions taken as a whole, and to each one separately, the defendants excepted"—this exception being written at the conclusion of the instructions. Our courts have passed squarely on exceptions taken in this manner in the case of *Eisminger v. Beman,* 32 Okla. 818, 124 Pac. 289, and there the following exceptions were held insufficient:

"To the giving of the said instructions and each and all of them the defendant then and there excepted and excepts, and his exceptions were by the court allowed."

Exceptions such as were taken in the case at bar amount only to a general exception, and cannot serve to direct the court's attention to any particular paragraph of the instructions, and do not point out any special defect in any part thereof, and will not avail as an exception unless the charge as a whole is erroneous. It cannot be claimed that the instructions as a whole are erroneous, but it is quite evident that the court failed to properly instruct the jury what they should consider as elements of damage in assessing the same. The instruction on that point is as follows: "And plaintiff would be entitled to damages for such wrongful detention from that date to the present date."

It is the duty of the court to instruct the jury definitely what they should consider in fixing damages in cases like the one under consideration, not only as to what are the proper elements of damage, but also what they should take into consideration in mitigation or aggravation of the damages. But, as said before, for the reason that no sufficient exception was saved, and for the further reason that no proper instruction was offered by the defendants upon that point, defendants are not in a position to avail themselves of the error.

It is manifest to the court that the damages allowed plaintiff are excessive and were given under passion or prejudice. The property taken from plaintiff was a race mare worth about $400 and a Jersey cow, which was dry at that time, worth about $75, according to the estimate of plaintiff. This property was kept from him from the 13th day of December to the 28th day of February, fol-

lowing.   There was no proof that plaintiff suffered any damage by being deprived of the use of said property. The cow, being dry, was worth nothing during that time, and the mare, being a race animal and unfitted, as the evidence showed, for work of any kind and not being used for anything else except racing, makes a doubtful basis for laying a predicate for the recovery of usable damages.

The evidence does not show that plaintiff was deprived of the opportunity of "pulling off" any race with the mare while the mare was out of his possession, and, even if that were true, it might go more to the mitigation of damages, because general observation teaches that if a person is, in any way, prevented from "pulling off" a horse race, it almost invariably operates to his financial advantage.

Plaintiff has not pleaded any special damages nor asked for exemplary damages in his petition.   The evidence does show circumstances of aggravation and oppression, which would warrant exemplary damages in some amount; but, before the same can be recovered, it must be first pleaded and then submitted to the jury under proper instruction on exemplary damages, and the jury therefore was not warranted in returning a verdict for such damages, and there was no proof that justified actual damages in the sum of $500, the amount of the verdict, nor for $350, the sum to which the court reduced the verdict.

It is unreasonable to assert that a person can be damaged almost the value of the property by being deprived of its possession two and one-half months, in the absence of a showing that the property had a usable value during that time, and the evidence being that the property was

fair.y well cared for while in the possession of defendants.

The judgment should be reversed and remanded for a new trial.

By the Court:   It is so ordered.