## MYERS v. HUBBARD et al.

No. 9750—Opinion Filed Dec. 14, 1920.

Rehearing Denied Jan. 10, 1921.

(Syllabus by the Court.)

1. **Appeal and Error—Reserving Grounds of Review—Sufficiency of Evidence.**

Where plaintiff submits his case to the jury without demurring to the evidence or asking an instructed verdict, or otherwise legally attacking its sufficiency, the question whether there is any evidence reasonably tending to support the defense is not presented for review by plaintiff's motion for a new trial.

2. **Crops—Sale of Land—Parol Reservation of Growing Crops.**

Growing crops are personal property, but pass by conveyance as appurtenant to the land unless severed by reservation or exception. A party may show by parol that the growing crops were reserved on a sale of land, although there may be no exception in the deed.

3. **Trial—General Finding—Effect.**

A general finding is tantamount to a finding on all the issues in the case necessary to sustain the general finding.

4. **Trial—Verdict—Disregard of Instructions.**

Ordinarily a verdict is contrary to law when it is returned in disobedience or disregard of the court's instructions.

5. **Damages—Exemplary Damages—Instructions.**

Where the question of exemplary damages is not submitted to the jury in the instructions they are not authorized to consider it.

6. **Replevin—Recovery of Exemplary Damages.**

Exemplary damages may not be recovered in a replevin action except where the taking

of the property has been through unusual or aggravated circumstances, and to entitle to such recovery there should be a showing of oppression, fraud, or malice.

**7. Same—Exemplary Damages—Statutes.**

Under section 2851, Rev. Laws 1910, exemplary damages may be recovered where the person taking has been guilty of oppression, fraud, or malice, actual or presumed.

**8. Replevin—Measure of Damages for Deprivation of Possession of Property.**

In estimating damages, the value of the property to the owner thereof deprived of its possession, is the price at which he might have bought an equivalent thing in the market nearest to the place where the property ought to have been put into his possession, and at such time after the breach of duty upon which his right to damages is founded as would suffice, with reasonable diligence, for him to make such a purchase.

**9. Judgment—Verdict—Entry of Judgment.**

The court in entering judgment may make the judgment speak the finding of the jury, where their intention is manifest from the verdict rendered.

**10. Trial—Verdict—Conformity to Issues.**

A verdict must respond to the issues as raised by the pleadings and evidence.

**11. Replevin—Grain in Stack—Right to Recover Threshing Bill.**

Ordinarily, where plaintiff loses in a replevin action for the possession of wheat which he has threshed from the stack, he is not entitled to recover his threshing bill.

**12. Same—Verdict—Damages.**

Where plaintiff, in a replevin action for the possession of wheat in stack, permits the threshing contracted for by the defendant to be performed and pays the bill for same, it is not error for the jury in estimating the damages against the plaintiff to take into consideration such threshing bill and to allow the plaintiff credit therefor.

**13. Same—Exemplary Damages — Judgment—Modification.**

The case is remanded to the trial court with directions to modify the judgment by eliminating the item of exemplary damages, and, as thus modified, is affirmed.

Error from District Court, Alfalfa County; James B. Cullison, Judge.

Action in replevin by S. N. Myers against Harry Hubbard and another for the recovery of a certain crop of wheat. Judgment for the defendants, and plaintiff brings error. Remanded, with directions.

W. E. Wiles and Geo. W. Partridge, for plaintiff in error.

Titus & Talbot, for defendants in error.

KANE, J. This was an action in replevin filed in the district court of Alfalfa county, Oklahoma, on the 30th day of July, 1917, by plaintiff in error, as plaintiff, against the defendants in error, as defendants below, to recover a crop of wheat then in stack on lands occupied by defendant Bonham. Plaintiff obtained the wheat under the writ. There was no redelivery bond. Trial was had to a jury and verdict was rendered for the defendants and a judgment was entered thereon for return of wheat or its value and damages for depreciation. Defendant Bonham also recovered exemplary damages. From this judgment, plaintiff appeals to this court by petition in error with case-made attached, and defendants have also filed their cross-petition in error in this action. The parties will be designated herein as they appeared in the trial court.

On April 20, 1917, plaintiff purchased from the defendant Hubbard the E.½ of the N.W.¼ of sec. 2, T. 25, R. 10, Alfalfa county, for the consideration of $1,000 and a certain debt due the plaintiff from the defendant Hubbard of something like $55. On the land at the time was a twenty-acre patch of growing wheat. Plaintiff was given immediate possession of the land, and it is his contention that the wheat was included in the purchase price, and that title passed to him at the time the deed was given and he entered into possession of the land. Defendant Hubbard testified that the wheat crop was reserved by parol contract and that defendant Bonham had a half interest in this crop and the right to possession. Defendant Bonham testified that he had a half interest in the wheat crop and the right to possession thereof by reason of a parol contract between defendant Hubbard and himself. Defendant Bonham had sown the crop. During the absence of the plaintiff from home he entered onto the land then occupied by plaintiff, harvested the crop, and hauled it onto his own land across the road and stacked it and had contracted for its threshing. After the service of the replevin writ and failure of the defendant to give a redelivery bond, plaintiff had the wheat threshed by the same party who had agreed to thresh it for the defendant Bonham, and then had the grain hauled onto his own land and placed in granaries thereon.

Plaintiff contends that the verdicts in favor of the defendants are not sustained by sufficient evidence and that the judgments thereon are therefore erroneous. But failure of the plaintiff to demur to the evidence introduced by the defendants or to present a motion for directed verdict at the conclusion of all the evidence, precludes him from a consideration of this error by this court.

Where plaintiff submits his case to the

jury without demurring to the evidence or asking an instructed verdict, or otherwise legally attacking its sufficiency, the question whether there is any evidence reasonably tending to support the defense is not presented for review by plaintiff's motion for a new trial. Norman v. Lambert. 64 Oklahoma, 167 Pac. 213.

Plaintiff further alleges error in that the verdict for the defendants and the judgments rendered thereon are contrary to law. This assignment will be considered under the various questions of law presented and determined herein.

Growing crops are personal property, but pass by conveyance as appurtenant to the land unless severed by reservation or exception. A party may show by parol that the growing crops were reserved on a sale of land although there may be no exception in the deed. Grabow v. McCracken, 23 Okla. 612, 102 Pac. 84; Dannifer v. Aurand (Kan.) 189 Pac. 371.

While the jury did not make a specific finding that the defendant Hubbard reserved the wheat crop for himself and defendant Bonham, a general finding in favor of the defendants is tantamount to a finding that the reservation of the wheat crop was made. Wrought Iron Range Co. v. Leach, 32 Okla. 706, 123 Pac. 419; Oland v. Malson, 30 Okla. 456, 135 Pac. 1035.

The question of exemplary damages was not presented to the jury by instruction of the trial judge, and a verdict thereon was in disregard of the trial court's instructions. No instructions having been given as to exemplary damages, no verdict could be returned therefor. Ordinarily a verdict is contrary to law when it is returned in disobedience or disregard of the court's instructions. Norman v. Lambert, supra.

Where the question of exemplary damages is not submitted to the jury in the instructions, they are not authorized to consider it. Redmund v McCool, 50 Okla. 69, 150 Pac. 1055; Felt v. Westlake, 68 Oklahoma, 174 Pac. 1041, 1046.

Not only was the question of exemplary damages not submitted to the jury, but no evidence seems to have been introduced thereon. Exemplary damages may not be recovered in a replevin action except where the taking of the property has been through unusual or aggravated circumstances, and to entitle to such recovery there should be a showing of oppression, fraud, or malice.

Under section 2851, Rev. Laws 1910, exemplary damages may be recovered where the person taking has been guilty of oppression, fraud, or malice, actual or presumed. Ray v. Navarre, 47 Okla. 438, 147 Pac. 1019; Sutherland on Damages (4th Ed) sec. 1145; Cobbey on Replevin (2nd Ed.) sec. 928; Wells on Replevin (2nd Ed.) pp. 462, 516.

Nor can special damages be awarded to the defendant Bonham on his plea that the wheat seized by the plaintiff was needed by him to sow a crop in the fall of 1917, and that he lost money by reason of failure to obtain possession of the wheat for this purpose.

In the case of Barse Livestock Com. Co. v. McKinster, 10 Okla. 708, 64 Pac. 14, it was held that in estimating damages the value of the property to the owner thereof deprived of its possession is the price at which he might have bought an equivalent thing in the market nearest to the place where the property ought to have been put into his possession, and at such time after the breach of duty upon which his right to damages is founded as would suffice with reasonable diligence for him to make such a purchase.

This holding has been cited with approval in the cases of Robb v. Dobrinski, 14 Okla. 563, 569, 78 Pac. 101, 103; Leeper, Graves & Co. v. First National Bank of Hobart, 26 Okla. 707, 721, 110 Pac. 655, 660. See, also, Thomas v. First National Bank of Tecumseh, 32 Okla. 115, 121 Pac. 272; Sutherland on Damages (4th Ed.) sec. 1157; Cobbey on Replevin, secs. 888, 890.

In Barse Livestock Com. Co. v. McKinster, supra, the court said:

"It may be suggested that the defendants were not financially able to purchase other stock. But this cannot alter the rule. On this question we are content to quote the language of Mr. Justice Hunt, in City of Memphis v. Brown, 20 Wall. 304, wherein he said:

"'* * * 'This consideration can have no legitimate influence. A rule of law is based upon principle, upon sound considerations of justice and public policy, and as manifested by the proceedings and authorities. It is the same for all cases and conditions. None are so high as to be above its claims, none so low as to be beneath its protection. It will be a sad era in the history of any country when the application of a rule of law shall depend upon the wealth or the poverty of a party to a suit; upon his wealth, which would thus enable him to increase that wealth, or his poverty which would be thereby aggravated. * * *'

"The law presumes that immediately after the defendants were deprived of their property, they went into the market and bought similar property at the market value, to replace that which was taken from them, or, that if they did not do this, they could have

done so, and thus saved themselves any loss other than the interest upon the capital invested, the reasonable expense incurred, and value of time consumed in making the purchase of such property.

"While it is true the plaintiff wrongfully deprived the defendants of the possession of their property, yet they took same under the process of the court, and upon a claim of ownership. The law gave to the defendants the right to execute a bond and retain possession, but they elected to let the plaintiff take the property, and hence the rule of damages is not so rigorous as where one, ignoring the forms of law, wrongfully converts another's property to his own use."

Plaintiff also contends that the jury failed to find the value of the wheat in their verdict. While it is true that the verdict in the form it was rendered did not state specifically the value of the wheat, the court in entering judgment had a right to make the judgment speak the finding of the jury where their intention was manifest from the verdict rendered. Aetna Building & Loan Assn. v. McCarty, 78 Okla. 187, 189 Pac. 357.

Defendants in their cross-petition in error urge that the threshing bill not being at issue under the pleadings and not having been submitted by any specific instruction of the trial court, it was error for the jury to make a finding thereon or to take this item into consideration in rendering their verdict, and that the trial court erred in rendering judgment in accordance therewith. It is true that a verdict must respond to the issues as raised by the pleadings and evidence. 38 Cyc. 1884; Brocker v. Hunt (Colo.) 176 Pac. 766.

It is also true, as urged by the defendants, that, ordinarily, where plaintiff loses in a replevin action of this character, he is not entitled to recover his threshing bill. Sims v. Mead, 29 Kan. 124; Gray v. Robinson, 4 Ariz. 24, 33 Pac. 712. But the jury in estimating the damages may have taken into consideration the evidence that the defendant Bonham had already contracted for the threshing of the wheat, and we are not, therefore, prepared to say that as a matter of law plaintiff may not, under the facts and circumstances of this particular case, be entitled to have the threshing bill taken into consideration.

Where plaintiff, in a replevin action for the possession of wheat in stack, permits the threshing contracted for by the defendant to be performed and pays the bill for same, it is not error for the jury in estimating the damages against the plaintiff to take into consideration such threshing bill and to allow the plaintiff credit therefor.

Defendants further contend that plaintiff was not entitled to the wheat crop regardless of whether or not it was reserved by parol contract, for the reason, they state, that the deed of April 20, 1917, was not actually delivered to the plaintiff, but was placed in the hands of a third party to be delivered when the contract of sale had been complied with, and that as a matter of fact it was returned for correction and was not actually delivered to the plaintiff until after the harvesting of the wheat. We think, however, that the date of the actual delivery of the deed is immaterial, for the reason that the plaintiff was actually placed in possession on April 20, 1917, and had the same rights to the rents and profits of the land as he would have had if the deed had been actually delivered at the time he was given possession subject to the parol contract reserving the wheat crop.

The case is remanded to the trial court, with directions to modify the judgment of the defendant Bonham by striking out the item of $100 awarded as exemplary damages. As thus modified, the judgments will be affirmed.

All the Justices concur.