## ED. M. SEMANS & CO. v. OVERHOLSER & AVEY.

No. 16103—Opinion Filed Feb. 2, 1926.

Rehearing Denied March 23, 1926.

1. **Trial—Demurrer to Evidence — Prima Facie Case—Inferences.**

In the trial of a law action, where the evidence of plaintiff, together with the inferences to be reasonably drawn therefrom, makes out a prima facie case of liability against defendant, it is not error to overrule a demurrer thereto.

2. **Trial—Instructions — Requests — Inaccuracy.**

Requested instructions which do not fairly submit to the jury all issues of fact raised by the evidence, and to which the law of such instructions is to be applied, are correctly refused.

3. **Trial—Instructions—Mere Verbal Inaccuracy.**

Mere inaccuracy of verbiage in an instruction to which proper exception is reserved is not reversible error where it is clear from all of the evidence and proceedings that such inaccuracy of language could not have misled the jury, and the instruction otherwise is fair and correct.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Action by Overholser & Avey against Ed. M. Semans & Company. Judgment for plaintiff, and defendant brings error. Affirmed.

March 27, 1923, plaintiff commenced its action by filing its petition in the district court of Oklahoma county against the defendant. in which it was alleged in substance that on or about August 1, 1922, Smith Brothers of Dallas, Tex., a construction company, was awarded a certain sewer construction contract in the city of Oklahoma City, which required the execution of a bond by Smith Brothers; that said Smith Brothers applied to the plaintiff to write said bond, and that plaintiff brokered said bond to the defendant, who accepted said brokerage, and agreed to and did write said bond in th. United States Fidelity & Guaranty Company,

and agreed to pay to the plaintiff the usual brokerage commission of 20 per cent. of the premium received on said bond; that on August 2, 1922, defendant notified the plaintiff that it had received authority from said surety company to execute said bond, and that after its execution the same was filed with and approved by the proper officers of Oklahoma City; that the premium on said bond amounted to $7,500, and that the brokerage fee due to plaintiff was $1,500, and that by reason of the brokerage transaction defendant became and is indebted to plaintiff in the said sum of $1,500, which it has failed and refused to pay.

Defendant answered by a general denial, and the cause was thereafter tried before the court and jury March 7, 1924, resulting in a verdict and judgment in favor of plaintiff for $490.30. After unsuccessful motion for new trial, defendant has brought the case here by petition in error with case-made attached for review.

Ames, Lowe, Richardson & Cochran, for plaintiff in error.

D. B. Welty, for defendant in error.

Opinion by LOGSDON, C. Numerous errors are assigned in the petition in error, but all are presented in the briefs under three propositions in substance as follows:

"(1) Error of the court in overruling defendant's demurrer to plaintiff's evidence.

"(2) Error of the court in refusing defendant's request for a peremptory instruction.

"(3) Error of the court in overruling defendant's motion for a new trial."

A consideration of the first proposition involves a statement of the substance of the evidence introduced to sustain plaintiff's case in chief. This evidence may be fairly abstracted thus: That Smith Brothers through their representative, Reeder, about the time of the awarding of the sewer contract, told a member of the plaintiff firm in the presence of Mike Donnelly, that he was going to give plaintiff the bond which would have to be made; that thereupon a member of plaintiff firm conveyed to the defendant the information that such a bond was to be written, and requested the defendant to get authority from the home office of the United States Fidelity & Guaranty Company, for defendant to execute such bond; that defendant knew nothing of this prospective piece of business until advised thereof by the plaintiff; that after the information was given by plaintiff and the request made that defendant obtain authority to execute such

bond, defendant procured that authority and so notified plaintiff; plaintiff then asked defendant if an application should be prepared and filed, and was informed by defendant that it would not be necessary, as defendant would attend to that detail; that the bond was thereafter written by defendant and the commission was divided, one-third to the defendant and two-thirds to the firm of Seay & Hall of Dallas, Texas; that demand was thereafter made upon defendant by plaintiff for the payment of the brokerage commission claimed, and payment was refused.

With this proof in plaintiff rested its case. and defendant thereupon interposed its demurrer to plaintiff's evidence. In considering a demurrer to the evidence, it is the duty of the court to consider the evidence most strongly against the demurrer and to give to such evidence the aid of all inferences which may reasonably and logically be drawn therefrom, and it is only in cases where the evidence, together with such inferences, is wholly insufficient to make a prima facie case of liability, that a demurrer to such evidence should be sustained. Conklin v. Yates, 16 Okla. 266, 83 Pac 910: Hargrove v. Bourne, 47 Okla. 484, 150 Pac. 121, Grossman Co. v. White, 52 Okla. 117, 152 Pac. 816; Remarkis v. Reid, 64 Okla. 104. 166 Pac. 728.

In the condition of the record as it stood at the close of plaintiff's evidence, it is clearly apparent that the trial court did not commit reversible error in overruling this demurrer of the defendant.

After the demurrer to plaintiff's evidence had been overruled, defendant introduced its evidence, which tended to establish that Smith Brothers, the contractors, lived in Dallas, Tex.; that the agent of the United States Fidelity & Guaranty Company in Dallas is Seay & Hall, while the defendant is the agent of the same company in Oklahoma City; that Smith Brothers made application for this bond through Seay & Hall at Dallas, and that the surety company from its home office instructed the defendant to execute said bond and charge the commission to Seay & Hall of Dallas; that defendant executed the bond in accordance with these instructions from the home office, and not in conformity to the authority procured at the request of plaintiff; that Smith Brothers never made application to plaintiff for a bond to cover this sewer contract, but that plaintiff sought to obtain from Smith Brothers this business, which was refused; that after the bond was written defendant collected from Seay & Hall its one-third of the commission for executing the bond. Plain-

tiff's rebuttal evidence did not remove the conflict in the evidence thus created by the evidence in chief of plaintiff and defendant. It is, therefore, clearly evident that at the close of all the evidence, the question of whether Smith Brothers asked plaintiff to make this bond to cover the sewer contract was purely a question of fact on which the evidence was sharply conflicting, and in the determination of which question the weight of the evidence and the credibility of the witnesses became important elements. Under such circumstances, it was clearly the province of the jury, to pass upon this question of fact, and in determining that question of fact, to weigh the evidence and to pass upon the credibility of the witnesses. With the record in this condition it would have been manifest error on the part of the trial court to have invaded the province of the jury by granting defendant's request for a peremptory instruction.

Under the third proposition, that the trial court committed reversible error in overruling its motion for new trial, defendant relies upon certain requested instructions, which were refused by the court, and upon alleged erroneous instructions given by the court. The requested instructions, the refusal to give which is alleged to constitute reversible error, are instructions numbered 2, 3, 4, and 5. These instructions have been carefully examined. Each of them is based upon the theory that before plaintiff would be entitled to a recovery it must be shown that it took from Smith Brothers an application for the surety bonds and presented the same to defendant as a basis for the issuance of said bond. Neither of said requested instructions presents the issue of fact raised by plaintiff's evidence, that said application was not presented and filed with defendant by plaintiff for the reason that defendant waived such action by plaintiff and agreed to attend to that detail of the transaction. For the reason that said requested instructions do not state the law applicable to this issue of fact raised by the evidence, the action of the trial court in refusing to give them does not constitute reversible error.

Under this proposition defendant further relies on alleged error of the trial court in giving to the jury on its own motion instructions Nos. 2 and 3. An examination of the record discloses that no exception was reserved by the defendant to the giving of instruction No. 2, but at the close of all the instructions this general exception appears:

"To each and every separate instruction given by the court defendant excepts, and exceptions are allowed. Geo. W. Clark, Judge."

This general exception is insufficient to challenge in this court paragraph No. 2 of the court's instructions. Duncan Cotton Oil Co. v. Cox, 41 Okla. 633, 139 Pac. 270; Remund v. McCool, 50 Okla. 69, 150 Pac. 1055.

Instruction No. 3, to which proper exception was reserved, reads as follows:

"If you shall find from the evidence, by a preponderance thereof, that the contract claimed to have been made by the plaintiff with the defendant was actually made, and that the defendant did procure the writing *x* this insurance pursuant to that contract, and received a commission therefor, the plaintiff would be entitled to recover two-thirds of the amount of premium, or commission, which the defendant did in fact receive for doing this business for their connection with the writing of this insurance, but unless you do find from the evidence, by a preponderance thereof, that that contract was made, and that the defendant did procure the writing of this insurance, then the plaintiff would not be entitled to recover, and in such case your verdict should be in favor of the defendant."

With the exception of the inadvertent use by the court of the word "insurance" instead of "bond" or "surety bond," it is not apparent that this instruction incorrectly states the law as applied to the facts in evidence. The inadvertent use of the word "insurance" could not have misled the jury, because all parties to the record, including the court and witnesses, knew that the matter involved was a commission on a surety bond, and not on a policy of insurance. Otherwise, this instruction by the court fairly presented to the jury the contested question of whether plaintiff procured the business and brokered it to defendant, or whether same was procured by defendant either through the home office of its company or through the agency of Seay & Hall, independently of plaintiff. The determination of this question of fact was properly submitted to the jury in this instruction, and the legal effect of either finding by the jury upon this question of fact was correctly stated. This does not present reversible error.

For the reasons herein stated, it is concluded that the judgment of the trial court based upon the verdict of the jury is correct, and is hereby in all things affirmed. ,

By the Court: It is so ordered.

Note.—See under (1) 38 Cyc. p. 1548; 26 R. C. L. p. 1061. (2) 38 Cyc. p. 1707. (3) 38 Cyc. p. 1595; 14 R. C. L. p. 816; 3 R. C. L. Supp. p. 298; 5 R. C. L. Supp. p. 780.