## MITCHELL v. GIBSON.

No. 21293.   May 1, 1934.

Rehearing Denied Oct. 2, 1934.

Mac Q. Williamson, for plaintiff in error.

Blanton, Osborn & Curtis, for defendant in error.

RILEY, C. J. Defendant in error, John W. Gibson, was the plaintiff below. He commenced this action against plaintiff in error, defendant below, to recover the sum of $2,824.90, alleged to be the balance due him under a written contract entered into between the parties, the material part of which is:

"This agreement made and entered into on this the 1st day of February, 1928, by and between J. W. Gibson, party of the first part, and R. L. Mitchell, party of the second part,

"Witnesseth: That the partnership, Gibson & Mitchell, is dissolved, and it is agreed by and between the parties to this agreement,

"First: That all cash assets now belonging to the partnership known as Gibson & Mitchell be divided equally between the parties to this agreement at once and the remainder of the assets except equipment and machinery, of the said partnership of Gibson & Mitchell, be equally divided when liquidated.

"Second: That the party of the first part sells, assigns, and transfers unto the party of the second part all his right, title, and interest to equipment and machinery now belonging to the partnership, Gibson & Mitchell, for the consideration of twenty-five thousand dollars, $25,000, payable as follows:"

Defendant answered alleging, in substance, that the partnership between plaintiff and defendant was dissolved on January 13, 1928, by an oral agreement under which plaintiff was allotted certain machinery and equipment belonging to the partnership and located in Walker county, Tex., invoiced and listed at an agreed price of $25,324.80, and that certain machinery and equipment belonging to the partnership located in Harris county, Tex., was allotted to and accepted by defendant at an agreed price and value of $19,675, and that all other assets of the partnership were to be divided equally, thus leaving plaintiff indebted to defendant for one-half the difference between the value of the Walker county, Tex., machinery and equipment and the Harris county machinery and equipment; that plaintiff's interest in the balance of the partnership machinery and equipment was worth only about $1,000; that the written contract dated February 1, 1928, was merely an agreement on the part of plaintiff to sell defendant the machinery and equipment located in Walker county, Tex. The plaintiff replied by general denial, and alleged that all the negotiations had prior to February 1, 1928, looking to the dissolution of the partnership and division of partnership property were merged and embodied in the terms of the written contract, and that the written contract was the final and only contract between the parties. The cause was tried to a jury, resulting in a verdict and judgment in favor of plaintiff for the full amount sued for, and defendant appeals.

It was conceded at the trial that defendant had paid plaintiff the full sum of $25,000, except the amount in controversy, and it was stipulated at the trial that the only matter in controversy was this sum of $2,824.90.

It appears that in making the payment of the first $10,000 due plaintiff, defendant had paid same out of the cash funds belonging to the partnership which the contract provided should be divided equally. In other words, defendant was thereby paying plaintiff to the extent of $5,000 with money which already belonged to plaintiff; that when this error was called to defendant's attention, he willingly corrected the error and paid the additional $5,000. These facts were stated in the petition, and defendant moved to strike the allegations with reference thereto from the petition upon the ground that the petition showed upon its face that this $5,000 had been paid, and that there was then no controversy as to this item.

The court denied the motion, and defendant first contends that this was reversible error.

The motion might well have been sustained, since there was no real controversy over this item. But, as we view it, defendant was not prejudiced by this ruling, for the reason that at the trial the parties stipulated that the payment had been made and no evidence concerning the method of payment, or concerning this $5,000, was presented or offered to the jury by the plaintiff. The only evidence concerning same was

brought out by the defendant. If the jury was in the least influenced by the evidence concerning the manner in which the first $10,000 was paid under the contract, it must have been caused by defendant himself, since he was not called upon to introduce any evidence whatever on this point.

It is next urged that the court erred in giving and refusing certain instructions. The court instructed the jury that the burden of proof was upon defendant to establish the previous oral contract by a preponderance of the evidence upon which he relied.

There was no error in this. Defendant admitted the execution of the written contract. Certainly it was incumbent upon him to establish his claim of a prior oral agreement upon which he relied by a fair preponderance of the evidence.

By the next instruction complained of, the court told the jury that, in case they should find from a fair preponderance of the evidence that plaintiff and defendant had entered into the oral contract as claimed by defendant, and that said contract was completed, plaintiff could not recover. The only objection to this instruction appears to be that the court used the words "and plaintiff could not recover his part thereof," instead of saying "your verdict should be for the defendant." The objection is purely technical and is without substantial merit. The jury could not have been misled by this instruction.

By the next instruction complained of, the court told the jury that the alleged oral agreement would not be binding upon the parties unless the same had become final and had been executed by the delivery of the property to the respective parties. Bearing in mind that defendant was contending that the partnership had by the oral agreement sold certain of the partnership property to plaintiff and other parts thereof to defendant at the values above stated, there could be no error in this instruction, since the amount involved is far more than enough to bring the alleged contract within the statute of frauds.

By the next instruction complained of, the court told the jury that if they should find from the evidence that the sale was never consummated, that is, the sales sought to be established by oral testimony, and carried out, and that the written contract was intended by the parties to take the place of and supersede the previous alleged oral contract, then the verdict should be for the plaintiff.

This was a fair instruction under the pleadings and the evidence, since it must be conceded that if the alleged oral agreement or contract was merged into the written contract, plaintiff was entitled to recover where it was admitted by the defendant at the trial that $2,824.90 remained unpaid, unless it was paid under the alleged oral contract.

The next instruction complained of was as follows:

"You are further instructed that it is the claim of the plaintiff that in their tentative discussion in negotiating in regard to the sale of the two sets of equipment to the plaintiff and defendant, respectively, that it was tentatively agreed that plaintiff would take the Huntsville equipment at the price agreed and that defendant would take the Houston equipment, pay plaintiff $1,000, and take the Houston job, and thereby equalize the values of the two deals, so that one would neutralize the other, and equal charges be made against each. If you should find that such a sale was made on such terms, but find that each should be equalized so as one to offset the other, then and in that event you should find for the plaintiff."

It is contended that by this instruction the court, in effect, authorized the jury to equalize the difference between the two sets of machinery instead of determining from the evidence what the actual contract or contracts between the parties were. The plaintiff always contended that the negotiations had prior to February 1, 1928, looking to a dissolution of the partnership in which the two sets of machinery were valued by the parties as above stated, also included negotiations to the extent of a tentative agreement that plaintiff should take the set of machinery of the greater value and defendant would take the set of the lesser value, and that the defendant should take over a large contract which the firm had at Houston, Tex., upon which no work had been done, and pay plaintiff the sum of $1,000, and thus equalize the value of the assets of the property of the partnership to be divided. Plaintiff contended that this plan was never consummated; that when the written contract was entered into all these prior negotiations were merged therein, and that the written contract was the final and only contract of dissolution, while defendant contended that the alleged oral agreement had been completed. There was much evidence conflicting in its nature as to what were the terms of the alleged oral agreement. There was no error in the instruction, for the reason that it merely told the jury that if it should find that such oral agreement had been consummated as con-

tended by the defendant, and the value of the partnership's assets thereby equalized between the two partners, and that the jury should so find, then the verdict should be for plaintiff. This was necessarily correct, for, if the two partners did have a complete settlement, and completely divided the partnership assets on January 13, 1928, so as to effectuate what was intended to be an equal division of the partnership property, then under the written agreement entered into on February 1, 1928, defendant would have been bound to pay plaintiff the full sum of $25,000, and he had admitted that he had not done so. Furthermore, defendant admits that the terms of the alleged oral agreement, which he contended was fully consummated, called for the payment by him to plaintiff of the sum of $1,000, and that he, defendant, was to have the full benefit of the contract at Houston upon which no work had been done. He further admits that he never paid plaintiff this $1,000, and admits in substance that he took over the Houston contract and received the full benefits thereof himself. In explanation thereof he now contends that these parts of the oral agreement or negotiations of January 13, 1928, were merged into and became a part of the written agreement of February 1st. In other words, he contends that that part of the negotiations or tentative agreement which would otherwise be to his detriment was merged in the written agreement, but that part thereof which would otherwise be to his advantage was not so merged. He seeks to obtain all the advantages of the merger and to avoid all the detriment thereof. This is an inconsistent position which in justice and good faith should not be allowed to prevail.

Complaint is also made of the refusal of certain instructions offered by defendant. There was no error in refusing the instructions offered, for the reason that the instructions given fairly present the law as applicable to the issues and evidence.

It is finally contended that the court erred in rejecting evidence offered by defendant concerning the purchase or order by defendant of a certain crane about the time the written contract was entered into and claimed to have been paid for in part at least by defendant individually. There was no error in this. If this crane was purchased before the contract was entered into, it was covered by the written agreement. If it was purchased after the contract was entered into, it was an individual transaction on the part of defendant with which plaintiff had nothing to do.

There being no prejudicial error, the judgment is affirmed.

SWINDALL, McNEILL, BAYLESS, and WELCH, JJ., concur.