### HARTMAN v. DUNN.

*95 P. 2d 897.*

No. 28850.   Oct. 24, 1939.

Hamilton & Clendinning, of Tulsa, for plaintiff in error.

Clayton B. Pierce and Truman B. Rucker, both of Oklahoma City, for defendant in error.

CORN, J.   This is an appeal to reverse a judgment of the district court of Tulsa county, and the trial court's ruling on the motion for new trial. The parties appear in the same position as in the trial court, and we shall refer to them as plaintiff and defendant respectively.

The plaintiff and defendant made a week-end trip to Noel, Mo. On the return trip defendant's car skidded in loose gravel on the highway and the right rear side of the car struck a bridge abutment, wrecking the car and causing injuries to the plaintiff, giving rise to this action for damages.

In her petition the plaintiff alleged defendant was grossly negligent in that he was intoxicated and drove the car in a reckless manner at a high rate of speed, in disregard of plaintiff's protests and remonstrances, and as the result of such gross and willful negligence the plaintiff received painful and permanent injuries, for which she asked $10,000 damages.

By answer the defendant admitted the accident, but denied he was guilty of negligence. Further, defendant set up that he and plaintiff were on a joint mission for mutual benefit of plaintiff and defendant, and that any negligence

should be chargeable to plaintiff. Defendant denied being intoxicated and alleged plaintiff was guilty of contributory negligence, and, further, that the accident was unavoidable.

The evidence tended to show that: Plaintiff and defendant went to Noel, Mo., as guests of another couple; defendant admitted that about an hour before the accident he had indulged in one alcoholic drink; shortly after beginning the return trip defendant was driving his car around a sharp curve; in order to allow a car approaching from the opposite direction plenty of room, defendant steered his car to the right, whereupon it began to skid in the loose gravel and struck the bridge, injuring plaintiff. After the accident defendant took plaintiff to a doctor in Noel for treatment and those who encountered him while there testified he neither smelled of liquor nor was he intoxicated.

After receiving instructions from the court the jury returned a unanimous verdict for defendant. Nine propositions are presented as grounds for reversal, all of which deal with alleged errors committed by the trial court in refusing requested instructions and in the giving of certain other instructions.

The first proposition is that the court erred in instructing the jury that one of the issues in the case was a joint mission, there being no evidence to sustain such an issue. This contention is undoubtedly directed at the trial court's action in outlining to the jury, in the instructions, the issues as presented by the pleadings, since the record reveals no instruction on a joint mission was included in the numbered instructions given to the jury.

Before giving the numbered instructions to the jury the court merely outlined the case as revealed by the pleadings, telling the jury what each party had alleged in the pleadings. In Klein v. Muhlhausen, 83 Okla. 21, 200 P. 436, the trial court in instructing the jury included in his instructions the detailed allegations of plaintiff's petition regarding the plaintiff's injuries. In denying that

such action on the part of the trial court constituted reversible error, we said in paragraph 1 of the syllabus:

"It is the correct practice generally to state the issues of the case as made by the pleadings to the jury; and it is not error to properly summarize in the instructions the allegations contained in the pleadings."

Even if it could be said that the trial court committed error by leaving a wrong impression with the jury, this was cured by the giving of instruction No. 11, wherein the jury was clearly instructed that negligence of the driver cannot be imputed to a passenger, thus destroying any erroneous impression the jury might have gained.

In Wichita Falls & N. W. Ry. Co. v. Puckett, 53 Okla. 463, 157 P. 112, the trial court, in the general charge preliminary to the numbered instructions, summarized the allegations of the pleadings, but failed to mention certain defenses. However, in the numbered instructions the jury was instructed as to these defenses. In affirming the judgment of the trial court this court declared any error which might have existed was cured by giving of the special instructions. In paragraph 5 of the syllabus we said:

"It is not error for the court in his instructions to the jury to tell them the substance of what is alleged in the petition and answer."

To the same effect, see Chicago, R. I. & G. Ry. v. Bentley, 43 Okla. 469, 143 P. 179; Shefts v. King, 100 Okla. 153, 228 P. 961; and Shell Petroleum Corp. v. Wood, 168 Okla. 271, 32 P. 2d 879.

The plaintiff next urges that the court committed error in refusing plaintiff's requested peremptory instruction, because all the evidence and reasonable inferences to be drawn therefrom showed no defense to plaintiff's action. The argument in this connection is that defendant admitted he pulled out in order to pass a car coming from the opposite direction and admittedly on its own side of the road, thus necessarily giving rise to an inference that when approaching this

car defendant was driving on the wrong side of the highway; and as an added circumstance, plaintiff points out defendant had indulged in an alcoholic drink shortly before the accident.

Plaintiff admitted the car did not swerve until they were about to pass the oncoming car. Defendant testified he was driving at a reasonable rate of speed, and pulled to the right only when the approaching car pulled to the center of the road. The fact that defendant steered his car to the right from the center of the highway, unsupported by any evidence that defendant was on the wrong side of the road, could not give rise to the conclusive inference sought by plaintiff, in the absence of other facts or circumstances, to show defendant was driving on the wrong side of the road.

An inference of negligence must be based upon more than mere conjecture or speculation, and it is not sufficient to merely introduce a state of facts simply consistent with or indicating a mere possibility, or which suggests with equal force and leaves fully as reasonable an inference of the nonexistence of negligence. See Chicago, R. I. & P. Ry. Co. v. Smith, 160 Okla. 287, 16 P. 2d 226; Lowden et al. v. Van Meter, 181 Okla. 210, 73 P. 2d 424.

The third claim of error is based upon the trial court's refusal to give plaintiff's requested instruction No. 4, by which the court was asked to charge the jury that a person driving on a highway should drive at a careful and prudent rate of speed, no greater than will permit him to stop in the assured clear distance ahead, and a failure to do so at the time and place of the accident would be negligence.

Once again the plaintiff reiterates the evidence as to the fact that defendant admitted having taken an alcoholic drink known as a "Red Whizzer," and insists the presumption of no negligence could certainly not abide with defendant under the circumstances.

The trial court did instruct plaintiff could recover for defendant's unlawful act or omission; defined "ordinary care"; told the jury negligence must be proved; that it is the duty of a person operating an automobile to keep it under control at all times; defined negligence, and told the jury it was *a violation of the law to operate a car while under the influence of intoxicating liquor,* this being negligence in itself. The court further charged the jury the driver's negligence could not be imputed to the passenger; told the jury what constituted "unavoidable collision," and then charged the jury as to the measure of damages.

Plaintiff cites and relies upon Edgar v. Citraro (Cal. App.) 297 P. 645, wherein the California court held that, evidence being sufficient to show a party was negligent as a matter of law, he was not entitled to the benefit of the presumption that he was operating his car in a lawful manner.

Although a proper statement of the law, this argument is wholly inapplicable here, because this would require this court to assume the defendant was negligent as a matter of law.

In Yellow Taxicab & Baggage Co. v. Cooke, 171 Okla. 269, 42 P. 2d 826, we passed upon a very similar situation. In that case the plaintiff testified he drank one-quarter of a pint of whisky 30 minutes before calling defendant's cab. The defendant's defense was contributory negligence. In passing upon the question this court declared such testimony could not raise the presumption of intoxication, and in the absence of other testimony to show plaintiff's actual condition, there was insufficient proof of intoxication, the court pointing out that the effects of alcohol upon different persons and at different times varied widely.

Times too numerous to require citation this court has declared that where the instructions given fairly state the law applicable, the cause will not be reversed for refusal to give requested instructions.

Plaintiff's fourth proposition is that there was no evidence of contributory negligence, hence it was reversible error for the court to give instruction No. 7

on contributory negligence. This can be true only when the evidence and inferences deducible therefrom warrant the conclusion that no contributory negligence has been shown.

Since contributory negligence is a question for the jury, we conclude that there was no error in the trial court's instructing the jury on contributory negligence, in view of the evidence revealed by the record.

Under plaintiff's fifth proposition the contention is made that it was reversible error for the court to give instruction No. 8, the same not stating the correct rule as to care required by defendant under the circumstances.

By this instruction the court told the jury it was the duty of all persons operating motor vehicles to keep the same under control at all times, so as to be able to stop same within a reasonable distance, considering the circumstances in which the operator finds himself. Plaintiff's argument is that by this instruction the jury was told that if they found defendant had been drinking. under this instruction they could find defendant was only required to drive as a man would if he were under the influence of liquor. This instruction told the jury the operator of a vehicle was bound to keep it under control so as to be able to stop it within a reasonable distance, considering the circumstances in which the operator found himself. The plaintiff's requested instruction No. 4 was to the same effect (though in different language), since it charged that an operator should drive at a careful speed, having due regard for existing conditions, and at a speed not greater than would permit him to stop in the assured clear distance ahead.

Instructions are to be considered as a whole. Mitchell v. Gibson, 169 Okla. 430, 36 P. 2d 1. Refusal to give a requested instruction is not error if practically the same proposition of law is covered in other instructions (Black v. Warren, 178 Okla. 216, 62 P. 2d 88); neither is the trial court bound to instruct the jury in the exact language requested, where instructions given properly charge the jury as to the law to be applied to the evidence. City of Sand Springs v. Gray, 182 Okla. 248, 77 P. 2d 56.

Although stated in different language, the charge complained of informed the jury of essentially the same things as those set out in the requested instruction.

Plaintiff next urges the giving of instruction No. 11 was error, in that it told the jury the plaintiff bore the duty of remonstrating with defendant, although evidence showed plaintiff did remonstrate and there was no conflict in this evidence. The argument hereunder is that plaintiff testified she did remonstrate to defendant as to his manner of driving, while defendant's testimony was negative, that he heard no remonstrance. Thus plaintiff says the negative evidence was of no probative force in the face of this affirmative testimony, citing Oklahoma Union Ry. Co. v. Houk, 109 Okla. 187, 235 P. 499, to the effect that a witness who testifies in the affirmative is entitled to preference to one who testifies in the negative.

The testimony in this respect was contradictory and became a question of fact for the consideration of the jury in the light of all surrounding circumstances. To uphold the plaintiff's argument on this point would be tantamount to holding that negative testimony, as opposed to affirmative testimony, could not create a question requiring that the matter be submitted to the jury.

The next claim for reversal is the alleged error committed by the trial court in instructing the jury on "unavoidable accident," it being the plaintiff's contention that the evidence did not warrant the giving of such instruction. To sustain this contention the plaintiff depends upon the fact defendant admitted having taken a drink, and the fact that defendant turned to the right to avoid an approaching car makes necessary the inference he was driving upon the wrong side of the road. To lend force to this

argument plaintiff insists there is no difference between the effect of the instruction given by the court and a case where "a young man took a girl out and decided to, without cause or provocation, beat her over the head with a club."

The defendant pleaded an unavoidable accident as a defense. The evidence showed that when he steered his car to the right the car swerved in the loose gravel, got out of control, and the accident resulted.

Plaintiff cites and relies upon Wilson v. Roach, 101 Okla. 30, 222 P. 1000, in which case paragraph 1 of the syllabus states:

"An unavoidable accident is a casualty which occurs without negligence of either party, and when all means which common prudence suggests have been used to prevent it."

It was not within the province of the trial court's duties to determine, as a matter of law, whether this accident was unavoidable. Under the evidence the matter was properly submitted to the jury, and we find no error in the instruction given.

The eighth contention is based upon overruling of plaintiff's motion for new trial, and the amendment to the motion for new trial. The argument upon this point is that the defendant knew one of the jurors and told his attorney this, which fact counsel for defendant did not reveal either to the court or to the plaintiff. The juror in question testified he did not know the defendant. However, defendant recognized this juror as a man with whom defendant had carried on a business transaction nine years before the trial when defendant was employed by a lumber company engaged in building a house for the juror.

The trial court mentioned, in overruling the motion, that the test was not the litigant's acquaintance with the juror, but the juror's acquaintance and relationship with the litigant, and the mere fact of an acquaintanceship would be insufficient upon which to set the verdict aside, unless it was shown that it had something to do with the verdict. As pointed out by the court, mere fact of casual acquaintance should be insufficient; otherwise, after a period of time, it would be impossible to try cases in communities where people were widely acquainted, and had been in business for years. The trial court is vested with broad sound legal discretion on motions for new trial, and its action thereon will not be disturbed in absence of a clear abuse. See Billy v. Leflore County Gas & Elec. Co., 166 Okla. 130, 26 P. 2d 149; Keystone Pipe & Supply Co. v. Crabtree, 169 Okla. 20, 35 P. 2d 875.

The court mentioned that the fact the judgment rendered might not have been the judgment of the court had he tried the case without a jury was not sufficient to set the verdict aside. Furthermore, the court pointed out the jury had decided the case under the instructions, as was their duty, which would certainly indicate the approval of this verdict by the trial court.

The judgment is affirmed.

BAYLESS, C. J., and OSBORN, HURST, and DANNER, JJ., concur.